[Civ. No. 9457. Second Appellate District, Division One.—July 31, 1935.]

THE CITY OF LOS ANGELES (a Municipal Corporation), Respondent, v. ROBERT B. HARPER et al., Defendants; A. BROWNSTEIN BUILDING CORPORATION (a Corporation), Appellant.

Louis M. Lissner and I. H. Prinzmetal for Appellant.

Ray L. Chesebro, City Attorney, Frederick von Schrader, Assistant City Attorney, and Arthur W. Nordstrom and Charles F. Reiche, Deputies City Attorney, for Respondent.

SHINN, J., *pro tem.*—In this action to condemn a narrow strip of land from the edge of certain lots, A. Brownstein Building Corporation, as owner, was allowed the value of the land taken but was denied severance damage; wherefore it appeals from the judgment.

The lots in question are located in an industrial district of Los Angeles. Violet Alley, 15 feet wide, extends along the westerly side of the lots, and along the center of this alley extends a "drill track" of the Southern Pacific Railroad. Under general order of the railroad commission the center line of standard gauge railroad tracks must be 8½ feet from the sides or nearest projection of buildings. Because some buildings along the alley were built flush with the property line it became necessary to widen the alley to 17 feet and this proceeding was instituted to take 2 feet from the west side of appellant's property. The property is improved with a

two-story concrete building, set back 14 feet from the alley, which intervening space now is reduced to 12 feet by reason of these proceedings. Another order of the railroad commission requires minimum clearance of 13 feet between the center lines of parallel tracks of standard gauge railroads. Appellant's building is so located that appellant could lawfully build and maintain a spur track upon the unoccupied 14 feet of its lots adjoining the alley. Now that the Southern Pacific track is located in the middle of the alley and one foot nearer to appellant's building than before, appellant cannot build or maintain a spur track upon its property parallel to the track in the alley, because there would not be sufficient room to give the required clearance between the center of such private spur track and appellant's building on the one side, and the center of the railroad's spur track in the alley on the other, although this could be done by setting back the west wall of appellant's building at a cost of $24,705.

■ The first point advanced by appellant is that the court erred in striking out an agreed statement of facts which had been signed by appellant's counsel, and by a deputy city attorney on behalf of respondent, under the following circumstances: appraisers for the parties had examined the property and formed opinions as to values and damages; several days before the trial the case was reassigned for trial from the deputy city attorney who had it in charge to another deputy. On the morning of the trial the deputy who had been relieved from further service in the case, without consulting the deputy to whom the case had been assigned or the city attorney, signed the stipulation of facts. Upon the trial, the deputy city attorney in charge moved the court to strike out the statement upon the grounds that it had been signed without authority and through inadvertence. This motion was granted after the court took evidence on the motion. We see no error in the ruling. By the terms of the stipulation it was agreed that appellant's land would suffer severance damage of $25,000, this supposed damage consisting principally of the cost of setting back the west wall of appellant's building to make room for a spur track, in case appellant should ever desire to build one. The testimony of the deputy who had signed the stipulation sufficiently shows that he had not intended to stipulate to the fact that damage would be sustained in any amount, but only as to the amount that would

be allowable in case appellant's theories as to damage were sustained. It further appears that he had read the stipulation hurriedly and had not given it close consideration. Upon these facts alone the court was fully justified in striking out the statement. (*Owen* v. *Herzihoff*, 2 Cal. App. 622 [84 Pac. 274]; *Bare* v. *Parker*, 51 Cal. App. 106 [196 Pac. 280]; *Baucus* v. *Riveroll*, 95 Cal. App. 224 [272 Pac. 760].)

█  There is another and broader ground which we think justifies the court's action. The responsibility of awarding public money for property taken for public uses is that of the court, and it is for the court to say what evidence of values or damages should be presented for the court's consideration and guidance in giving judgment. Neither the responsibility nor the duty of the court to render a just judgment should be shifted to counsel in the case. While it is entirely proper for the court to accept stipulations of counsel which appear to have been made advisedly, and after due consideration of the facts, the court cannot surrender its duty to see that the judgment to be entered is a just one, nor is the court to act as a mere puppet in the matter. █  Had the court accepted and acted upon the stipulation, judgment would have followed in appellant's favor for the sum of $25,000 severance damages. As a result of the testimony taken upon this issue the court found that no damage would be caused by the condemnation. Appellant was given full opportunity to prove its severance damage and failed in that attempt. It therefore appears that if the finding that no damage was sustained is supported by the evidence, appellant would have been unjustly enriched in the sum of $25,000 if the court had acted in reliance upon the stipulation.

█  The remaining point is that the evidence shows without substantial contradiction that appellant's land was depreciated in value by reason of the condemnation. This, it is claimed, will be the effect of depriving appellant of the right to have a spur track on its private property along the west side of its building. It appears, however, that appellant's property is already served by another private spur track upon the north side of its property and that the drill track in Violet Alley will be available for appellant's use. While the experts who testified were not in agreement as to whether the additional spur track would be of any advantage to appellant, there was evidence that the existing drill track,

upon which five cars could be spotted, would furnish better service than would a private spur track, upon which two, or at most three cars, could be spotted. Experts testified for respondent that appellant's land would suffer no damage on account of appellant's inability to have the additional spur track and that the remainder of the land would have the same value after the two-foot strip was taken, as before. The court heard the evidence fully and decided the question of damages in favor of respondent. The finding that there was no damage is purely one of fact and finds ample support in the evidence. We see no reason for disturbing the judgment.

The judgment is affirmed.

Conrey, P. J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on August 29, 1935, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 26, 1935.