[Civ. No. 23976.   Second Dist., Div. One.   Dec. 22, 1959.]

COUNTY OF LOS ANGELES, Respondent, v. SENNA MAE BEAN et al., Defendants; GUY N. STAFFORD, Appellant.

Guy N. Stafford, in pro. per., for Appellant.

Harold W. Kennedy, County Counsel, and Richard A. Del Guercio, Deputy County Counsel, for Respondent.

FOURT, J.—This is an appeal from a judgment in a condemnation action and from an order denying appellant's motion for a new trial.

The respondent in a proceeding sought to widen El Segundo Boulevard, and as a part thereof, sought to acquire among others certain property belonging to the appellant. The lot which appellant owned was located in an unincorporated area of the county and was zoned R 15000 and was 59.66 feet wide at El Segundo Boulevard, 78.70 feet at the rear and about 163 feet in depth. The county sought to acquire from appellant as Parcel 27-2 a 20-foot strip in fee off the front of the lot and an additional 5-foot strip as Parcel 27-2s for a slope easement.

The cause was heard without a jury and after viewing the property and hearing the testimony of the various witnesses, the court found the value of Parcel 27-2 to be $655 and the value of Parcel 27-2s to be $50. The court also found that the remaining property of appellant had not been damaged as a

result of the taking and the construction of the improvement in the manner proposed.

Appellant has not complied with the Rules on Appeal in his briefs and as a consequence it is difficult to follow his various contentions. Appellant claimed at the trial that within Parcel 27-2 and/or 27-2s there was located an oil well and that such well was capable of production. Later he claimed that even if the well was not located on the property taken that the remaining property was damaged because he could not, after the taking, legally operate the well. He also claimed that the remaining property was damaged because of a claimed necessity for regrading the property after the taking and the construction of the improvement.

In effect the appellant asserts, among other things, that the evidence is insufficient to support the judgment. The record clearly indicates that there was ample evidence to establish that the well was not located on the property taken and further, that because of the zoning ordinance the property could not legally be used as an oil well site.

Numerous special errors are assigned to the trial court's determination. The first of these deals with an alleged misconstruction of certain stipulations made by the parties. The first stipulation was the pretrial statement. It stated:

"IT IS HEREBY STIPULATED by and between the parties hereto that the issues to be determined at the trial as to the above designated parcel are:

"1. The value of the part taken.

"2. Severance damages, if any, to the remaining parcel.

"3. Special benefits, if any, to the remaining parcel.

"It is further stipulated by and between the parties hereto:

"1. That the defendant Guy N. Stafford is the owner of parcel 27-2 and 2s.

"2. That Henry G. Harris and Maude H. Harris are beneficiaries under certain deeds of trust recorded in Official Records Book 32832, page 135, and in Official Records Book 42529, page 259, and any award to be made shall first be applied to any balance remaining due on said trust deed.

"3. That the date of valuation is November 8, 1957.

"4. That the defendant GUY N. STAFFORD claims damages to that certain oil well located on Parcel 27-2 and 2s, and that the defendant also claims damages to the remaining parcel caused by the necessity for regrading of the remaining property.

"Dated: September 29, 1958. . . ."

■ By virtue of the above stipulation, appellant argues that the respondent admitted the existence of the oil well on that portion of the land taken. Without resorting to any interpretative gymnastics, it is clear that at most the stipulation means that appellant Stafford claims that there is an oil well located on Parcel 27-2 and 2s and that it was damaged by the taking. The record clearly indicates that there is no well located upon that portion of the land taken.

■ But, even if appellant is correct that the parties agreed that the well was within the portion taken, the fact remains that the well is not capable of production.

The second stipulation was made in court at the commencement of the trial. It provides:

"LOS ANGELES, CALIFORNIA, NOVEMBER 5, 1958, 9:45 A.M.

. . . . . . . . . . . . . .

"(The following proceedings were had in chambers.)

"THE COURT: Mr. Del Guercio, will you be good enough to state again the stipulation that we talked about here? Listen to it carefully, Mr. Stafford, to make sure that you understand it.

"MR. DEL GUERCIO: It is stipulated by and between the County of Los Angeles, by and through its attorney Harold W. Kennedy by Richard A. Del Guercio and the defendant Guy N. Stafford appearing in pro per, that a jury trial as to the fair market value of the Parcels 27-2 and 2-S and any damage to the remaining property as a result of the taking and the construction of the improvement in the manner proposed is waived, it being understood and further agreed that Guy N. Stafford agrees to limit any recovery to which he is entitled to the cost of redrilling a well, an oil well, on the remaining property; provided further that Guy N. Stafford as the defendant property owner shall be required to prove by legal and competent evidence all damages to which he is legally entitled and all compensation to which he is legally entitled.

"MR. STAFFORD: Yes.

(Discussion off the record.)

"MR. DEL GUERCIO: That the damages referred to previously to be measured by the cost of drilling a well on the remaining property to a depth comparable to the existing well located on the entire parcel.

"MR. STAFFORD: That is right.

"THE COURT: Now, do you understand that?

"MR. STAFFORD: I do, although I think it is a little ambiguous as to the recovery for the surface value of the prop-

erty. In other words, that property has a value from a residential and other standpoints and that taking of it, they have offered me $750, he says, for that, and I think I am entitled to a couple hundred dollars more at least.

"And then there is the grading down to level. The front part is three and a half feet; it is a hundred and eighty feet deep. I don't want to go clear back there. Those are independent of the oil well.

"Mr. Del Guercio: What I propose is that you are entitled to recover all of the compensation and damages to which you are legally entitled as a result of our taking.

"Mr. Stafford: That is right. That ought to cover everything, don't you think so, your Honor?

"The Court: I would think so, but I want to make sure you understand it before I let this panel of jurors go.

"Mr. Stafford: I can't understand any language being any more explicit than that."

The appellant has in effect asked this court to decide that his alleged oil well had value in spite of the record to the contrary. ▮ It was appropriately stated in *City of Los Angeles* v. *Harper*, 8 Cal.App.2d 552, 555 [48 P.2d 75]:

". . . The responsibility of awarding public money for property taken for public uses is that of the court, and it is for the court to say what evidence of values or damages should be presented for the court's consideration and guidance in giving judgment. Neither the responsibility nor the duty of the court to render a just judgment should be shifted to counsel in the case. ▮ While it is entirely proper for the court to accept stipulations of counsel which appear to have been made advisedly, and after due consideration of the facts, the court cannot surrender its duty to see that the judgment to be entered is a just one, nor is the court to act as a mere puppet in the matter. . . . As a result of the testimony taken upon this issue the court found that no damage would be caused by the condemnation. Appellant was given full opportunity to prove its . . . damage and failed in that attempt. It therefore appears that if the finding that no damage was sustained is supported by the evidence, appellant would have been unjustly enriched . . . if the court had acted in reliance upon the stipulation."

▮ Appellant's next claim of error is that the trial court failed to strike the testimony of one of respondent's expert witnesses on the ground that such testimony was irrelevant, immaterial and represented hearsay. Although ap-

pellant's brief indicates that the basis for the motion to strike was predicated upon the fact that the testimony of the expert constituted hearsay, was immaterial and irrelevant, the record discloses that these were not the grounds asserted to the trial court.

The motion was in fact to strike the whole testimony of Mr. Hughes (respondent's expert witness) on the ground that he had not shown any knowledge of the area and was not competent to express an opinion.

The propriety of proving value through a properly qualified witness by eliciting facts relating to his examination of the land and area, and any facts showing knowledge of the subject and capacity to express an opinion is well established. (*Estate of Ross,* 171 Cal. 64 [151 P. 1138] ; *DeFreitas* v. *Town of Suisun City,* 170 Cal. 263 [149 P. 553].) Evidence of the geology, uses and physical characteristics of the land are pertinent in a condemnation action. (*City of Los Angeles* v. *Cole,* 28 Cal.2d 509 [170 P.2d 928].) As was pointed out by the court in *McElligott* v. *Freeland,* 139 Cal.App. 143, 157 [33 P.2d 430] :

". . . it is established that a witness who is called to testify regarding the value of property should, so far as is practicable, detail the facts upon which his conclusion or judgment is based even though the facts upon which he relies would be incompetent to affect value in the particular case and even though the facts which form the basis of his conclusion may have been derived from inquiries made of others or from correspondence. (22 C. J., p. 575). This principle is exemplified in cases where an expert is permitted to give an opinion as to value which is based entirely on knowledge gained from inadmissible sources."

Therefore, even assuming that some inadmissible matters were testified to by the witness, the motion made by appellant was general and embraced all the testimony of the witness. A similar problem was presented in *Rose* v. *State,* 19 Cal.2d 713, 742 [123 P.2d 505], wherein the court stated:

". . . Defendants cannot predicate error on the denial of a general motion to strike all of (the witnesses) testimony, when only portions thereof were inadmissible. A motion to strike must be directed with precision to the matter sought to be stricken. (*Dietlin* v. *General American Life Insurance Co.,* 4 Cal.2d 336 [49 P.2d 590].) A motion to strike out inadmissible evidence may be properly denied where it is general

and embraces evidence which is admissible as well as that which is inadmissible.''

Appellant's next basis of error is that the trial court failed to make findings that the property in question had been· damaged. The simple answer to this contention is that the trial court found no damage and in its findings and judgment so stated.

The appellant next complains of numerous other so-called "special material errors" and "material errors in general." We have heretofore mentioned and disposed of some of the claimed errors. Appellant also asserts that the trial judge was arbitrary and disregarded the evidence of appellant. The record belies any such contention. Appellant insists that he should have been entitled to show what he intended to do with the property (namely to produce oil therefrom). A proper objection was sustained. It is settled that the use intended by the owner does not enhance the market value of property. (*Redwood City Elementary School District* v. *Gregoire,* 128 Cal.App.2d 766, 773 [276 P.2d 78].) Actual market value is the measure, and not its value in use to the owner. (*Central Pacific Railway Co.* v. *Feldman,* 152 Cal. 303, 309 [92 P. 849].) The rule governing the admissibility of sales prices of other property on direct examination vests discretion in the trial court. In *County of Los Angeles* v. *Faus,* 48 Cal.2d 672, 678 [312 P.2d 680], the court states the standards of comparability to be:

''. . . The sales of other tracts must have been sufficiently near in time, and the other land must be located sufficiently near the land to be valued, and must be sufficiently alike in respect to character, situation, usability, and improvements, to make it clear that the two tracts are comparable in value and that the price realized for the other land may fairly be considered as shedding light on the value of the land in question. Manifestly, the trial judge in applying so vague a standard must be granted a wide discretion.''

The record in this case discloses no comparability. To the contrary, the dissimilarity is manifest. Other properties referred to by appellant contained producing wells with full equipment. Appellant's well had not produced for over 20 years and had no producing equipment.

Under the circumstances of this case there was no prejudicial error in requiring appellant to testify as to the price he paid for the property as appellant testified that "I bought the lease off of George F. Getty." His objection was

predicated on lack of materiality without specifying wherein it was immaterial. Here, the price paid has independent relevancy and materiality to explain and perhaps contradict appellant's previous testimony.

The record clearly indicates that the other allegations of error are without merit.

The order and judgment are and each is affirmed.

Wood, P. J., and Lillie, J., concurred.

A petition for a rehearing was denied January 19, 1960, and appellant's petition for a hearing by the Supreme Court was denied February 17, 1960.