[No. S009171. Apr. 19, 1990.]

CALIFORNIA STATE AUTOMOBILE ASSOCIATION INTER-INSURANCE BUREAU, Petitioner, v.
THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent;
DOROTHY COOPER, Real Party in Interest.

**COUNSEL**

Weinberg, Campbell & Stone, Michael T. Stone, Richard R. Ruggieri,
Coddington, Hicks & Danforth, Clinton H. Coddington, Randolf F. Hicks,

Crosby, Heafy, Roach & May, Peter W. Davis, Kathy M. Banke and Jenny D. Smith for Petitioner.

Horvitz & Levy, Ellis J. Horvitz, Peter Abrahams, Waldman, Bass, Stodel & Graham, Irwin Waldman and George K. Perlee as Amici Curiae on behalf of Petitioner.

No appearance for Respondent.

Freitas, McCarthy, Bettini, MacMahon, Freitas & Keating, David P. Freitas and Albert P. Barsocchini for Real Party in Interest.

Ian Herzog, Leonard Sacks, Harry R. Levine, Douglas DeVries, Bruce Broillet, Robert Steinberg, Hurley, Grassini & Wrinkle, Roland Wrinkle, Farella, Braun & Martel and Mary E. McCutcheon as Amici Curiae on behalf of Real Party in Interest.

## OPINION

### LUCAS, C. J.—

#### INTRODUCTION

We seek in this case to resolve a lingering question arising from our decision in *Moradi-Shalal* v. *Fireman's Fund Ins. Companies* (1988) 46 Cal.3d 287 [250 Cal.Rptr. 116, 758 P.2d 58] (hereafter *Moradi-Shalal*). In *Moradi-Shalal,* we held, contrary to our earlier decision in *Royal Globe Ins. Co.* v. *Superior Court* (1979) 23 Cal.3d 880 [153 Cal.Rptr. 842, 592 P.2d 329] (hereafter *Royal Globe*), that Insurance Code section 790.03, subdivision (h) (hereafter section 790.03(h)), does not confer on private parties a statutory cause of action against insurance companies for damages for unfair practices. We overruled *Royal Globe* prospectively only, however: Any then pending actions by private parties seeking relief for alleged violations of section 790.03(h) could proceed. (*Moradi-Shalal, supra,* 46 Cal.3d at pp. 292, 305.)

With respect to such surviving *Royal Globe* actions brought by injured third party claimants, we specified in *Moradi-Shalal* that "a final judicial determination of the insured's liability [for the third party claimant's injuries] is a condition precedent to a section 790.03 action against the insurer." (46 Cal.3d at p. 313.) ▪ The question now before us is whether a

stipulation of the insured's liability signed by the insurer, insured, and third party claimant, and entered as a judgment, satisfies this condition precedent. We hold that a stipulated judgment under these circumstances constitutes a "judicial determination" as required by *Moradi-Shalal,* enabling a third party claimant to bring a pre-*Moradi-Shalal* section 790.03(h) action.

## FACTS

Dorothy Cooper, real party in interest, was severely injured in March 1983, when George Smith, who was insured by petitioner California State Automobile Association, allegedly drove his car the wrong way on a one-way street while intoxicated. Real party settled her personal injury action against petitioner's insured in May 1987—some 50 months after the accident. The parties stipulated that the insured admitted liability, that he agreed to pay $175,000 in damages, and that real party reserved her rights against petitioner. This stipulation was signed by attorneys for the insured, real party, and petitioner, and the trial court entered judgment in accordance with its terms. Thereafter, before finality of *Moradi-Shalal,* real party sued petitioner for damages, alleging it had breached section 790.03(h) in the course of settling her personal injury claim.[1]

Soon after *Moradi-Shalal* was decided, petitioner moved for judgment on the pleadings, asserting the settlement and stipulated judgment in the personal injury action did not satisfy *Moradi-Shalal*'s requirement of a judicial determination of the insured's liability prior to pursuing a section 790.03(h) claim. The trial court denied the motion. The Court of Appeal granted petitioner a peremptory writ of mandate, directing the trial court to vacate its order denying judgment on the pleadings and to enter a new order granting petitioner's motion. We reverse.

## DISCUSSION

*Royal Globe* established that a third party claimant injured by an insured may not sue the insurer under section 790.03(h) until after the action between the claimant and the insured has "concluded." (*Royal Globe, supra,* 23 Cal.3d at p. 884.) In *Moradi-Shalal,* we defined *Royal Globe*'s requirement of a "conclusion" of the action, for purposes of pending third party section 790.03(h) suits. We concluded that a settlement is "an insufficient conclusion of the underlying action: there must be a conclusive *judicial determination of the insured's liability* before the third party can succeed in

---

[1] Real party's cause of action for intentional infliction of emotional distress was dismissed after the court sustained a general demurrer to that count. A third cause of action alleged negligent or willful breach of section 790.03(h).

an action against the insurer under section 790.03." (*Moradi-Shalal, supra*, 46 Cal.3d at p. 306, italics added.)

■ As we observed in *Moradi-Shalal,* the requirement of a determination of the insured's liability derives in part from the notion that the underlying liability insurance contract is an indemnity contract. Under an insurance contract, the insurer's obligation is to indemnify the insured to the extent of the insured's liability to the third party. Accordingly, " 'no enforceable claim accrues against the insurer until the insured's liability is in fact established.' " (*Moradi-Shalal, supra*, 46 Cal.3d at p. 306, quoting *Williams* v. *Transport Indemnity Co.* (1984) 157 Cal.App.3d 953, 960 [203 Cal.Rptr. 868].) In relation to section 790.03(h) claims, this principle of indemnity compelled that "If the insured is not liable for the claimant's injury, the claimant has no right to damages from the insured, and the claimant cannot be permitted to recover for 'unfair conduct' by the insurer in refusing to settle an underlying unmeritorious claim." (46 Cal.3d at p. 308.)

We precluded postsettlement section 790.03(h) claims in *Moradi-Shalal* because allowing such suits would (i) require third party claimants to establish the insured's liability within the section 790.03(h) action itself, posing serious practical and policy problems; (ii) deprive the settling parties of a primary advantage of settlement by requiring them to litigate the issue of the insured's liability despite having settled the personal injury claim; (iii) give an unwarranted and unfair advantage to the third party claimant, who could settle, retain the benefits of settlement, and then sue the insurer for additional compensation; and (iv) create a conflict of interest which might cause the insurer to focus excessively on its own potential liability to the third party at the expense of its insured. (46 Cal.3d at pp. 311-312.) In addition, we noted that protecting insurers from postsettlement exposure to section 790.03(h) claims will encourage settlement of third party actions. (*Ibid.*) Thus, we concluded, for purposes of a *Royal Globe* action, "settlement is an insufficient conclusion of the underlying action." (*Id.*, at p. 306.) As will appear, we reach a different conclusion when the settlement has been incorporated into a stipulated judgment.

■ In a stipulated judgment, or consent decree, litigants voluntarily terminate a lawsuit by assenting to specified terms, which the court agrees to enforce as a judgment. (See Kramer, *Consent Decrees and the Rights of Third Parties* (1988) 87 Mich.L.Rev. 321, 325; 2 Cal. Civil Procedure Before Trial (Cont.Ed.Bar 1978) § 34.1, pp. 485-486.) As the high court has recognized, stipulated judgments bear the earmarks both of judgments entered after litigation and contracts derived through mutual agreement:

"[C]onsent decrees 'have attributes both of contracts and of judicial decrees'; *a dual character that has resulted in different treatment for different purposes.*" (*Firefighters* v. *Cleveland* (1986) 478 U.S. 501, 519 [92 L.Ed.2d 405, 421, 106 S.Ct. 3063], italics added.) As in *Firefighters,* the issue before us is "not whether we can label a consent decree as a 'contract' or a 'judgment,' for we can do both." (*Ibid.*) ▮ Rather we must decide the limited issue whether a stipulated judgment meets the technical requirements of a final judicial determination as intended by *Moradi-Shalal.*

Code of Civil Procedure section 664.6 (hereafter section 664.6) states, "If parties to pending litigation stipulate . . . for settlement of the case, or part thereof, the court upon motion, *may* enter *judgment* pursuant to the terms of the settlement." (Italics added.) ▮ As this section reveals, a stipulated judgment is indeed a judgment; entry thereof is a judicial act that a court has discretion to perform. Although a court may not add to or make a new stipulation without mutual consent of the parties (*Jones* v. *World Life Research Institute* (1976) 60 Cal.App.3d 836, 840 [131 Cal.Rptr. 674]), it may reject a stipulation that is contrary to public policy (*Mary R.* v. *B. & R. Corp.* (1983) 149 Cal.App.3d 308, 316-317 [196 Cal.Rptr. 871]), or one that incorporates an erroneous rule of law (*Valdez* v. *Taylor Auto Co.* (1954) 129 Cal.App.2d 810, 819 [278 P.2d 91]). "While it is entirely proper for the court to accept stipulations of counsel that appear to have been made advisedly, and after due consideration of the facts, the court cannot surrender its duty to see that the judgment to be entered is a just one, nor is the court to act as a mere puppet in the matter." (*City of Los Angeles* v. *Harper* (1935) 8 Cal.App.2d 552, 555 [48 P.2d 75].)

▮ Most importantly, a stipulated judgment may properly be given collateral estoppel effect, at least when the parties manifest an intent to be collaterally bound by its terms.[2] Where, as here, an insurer signs a

---

[2] As noted in Annotation, Modern View of State Courts as to Whether Consent Judgment Is Entitled to Res Judicata or Collateral Estoppel Effect (1979) 91 A.L.R.3d 1170, 1183-1191, section 6, the states appear to be split regarding whether consent judgments are entitled to collateral estoppel effect. In California several cases have held that a stipulated judgment bars subsequent litigation of all issues which were or could have been raised in the original suit. (*Gates* v. *Superior Court* (1986) 178 Cal.App.3d 301, 309 [223 Cal.Rptr. 678]; see also *Avery* v. *Avery* (1970) 10 Cal.App.3d 525, 529 [89 Cal.Rptr. 195]; *United States Fire Ins. Co.* v. *Johansen* (1969) 270 Cal.App.2d 824, 833-844 [76 Cal.Rptr. 174]; *Guaranty Liquidating Corp.* v. *Board of Supervisors* (1937) 22 Cal.App.2d 684 [71 P.2d 931]; but cf. *Travelers Indemnity Co.* v. *State Farm Mutual Auto. Ins. Co.* (9th Cir. 1964) 330 F.2d 250, 262 [applying Cal. law].) Other states, however, have determined that collateral estoppel effect should not be given, except in the rare case in which it may fairly be said the parties intended such a result. (See, e.g., *Sarkis* v. *Harsco Corp.* (Del. 1975) 332 A.2d 156; *American Mut. Liability Ins. Co.* v. *Michigan Mut. Liability Co.* (1975) 64 Mich.App. 315 [235 N.W.2d 769, 91 A.L.R.3d 1159]; *Hentschel* v. *Smith* (1967) 278 Minn. 86 [153 N.W.2d 199].) For purposes of the pre-

stipulation in which the insured admits liability, that insurer is privy to the agreement and can be collaterally estopped from relitigating liability to the same extent as the insured. (See Code Civ. Proc., § 1908, subd. (b); *Dillard* v. *McKnight* (1949) 34 Cal.2d 209, 216 [209 P.2d 387, 11 A.L.R.2d 835].)[3]

■ Because the stipulated judgment in this case is entitled to collateral estoppel effect, the injured third party will not be required to establish the insured's liability within the section 790.03(h) action.[4] Thus, treating the stipulated judgment here as a "final judicial determination" would neither invoke the serious practical and policy problems with which we were concerned in *Moradi-Shalal (supra*, 46 Cal.3d at p. 311), nor deny the parties a primary advantage of settlement by forcing them to relitigate a settled issue. These considerations, combined with the fact that a stipulated judgment contemplates the exercise of judicial discretion or involvement, convince us that, unlike a simple settlement, a stipulation of the insured's liability signed by the insurer and later entered as a judgment constitutes a final judicial determination as required by *Moradi-Shalal.*[5]

---

sent case, we need not resolve this debate. It seems fair to say that by specifically stipulating to the issue of liability, the parties intended the ensuing judgment to collaterally estop further litigation on that issue. Were their intent otherwise, the parties easily could have expressly restricted the scope of the agreement. (See, e.g., *Ellena* v. *State of California* (1977) 69 Cal.App.3d 245, 260 [138 Cal.Rptr. 110].)

[3] This element of collateral estoppel distinguishes stipulated judgments entered pursuant to section 664.6 from compromise settlements entered in accordance with Code of Civil Procedure section 998 (hereafter section 998). In *Moradi-Shalal* we disapproved *Rodriguez* v. *Fireman's Fund Ins. Co.* (1983) 142 Cal.App.3d 46 [190 Cal.Rptr. 705], in which the court held a third party section 790.03(h) action could proceed after settlement of the underlying claim by acceptance of a section 998 offer to compromise, when the claimant alleged the insurer had "admitted the liability of its insured." (*Moradi-Shalal, supra,* 46 Cal.3d at p. 310.) Unlike a stipulated judgment under section 664.6, the court has no discretion to refuse to enter judgment in a properly accepted statutory offer to settle pursuant to section 998. (See § 998, subd. (b)(1).)

Furthermore, the language of section 998, subdivision (f), reveals that the Legislature did not intend to give settlements under that section collateral estoppel effect. This provision states, "Any judgment entered pursuant to this section *shall be deemed* to be a *compromise settlement.*" (Italics added.) In 1967, the Legislature specifically amended Code of Civil Procedure section 997 (the predecessor to § 998) to include similar language, presumably to make clear that issues settled in this manner are not deemed actually litigated. (See *Milicevich* v. *Sacramento Medical Center* (1984) 155 Cal.App.3d 997, 1004 [202 Cal.Rptr. 484] ["The 'language ['compromise settlement'] makes it clear that the element of litigated issues . . is absent, and that the judgment cannot be used as collateral estoppel . . . .' "], quoting 4 Witkin, Cal. Procedure (2d ed. 1971) Judgments, § 215, p. 3351.)

[4] Of course, the insurer will be free to present whatever other defenses may be available to it in the section 790.03(h) action.

[5] Our holding is a narrow one. In the case before us the insurer both participated in the settlement and signed the stipulation. If, however, the insurer had not received reasonable notice of the settlement, or were not allowed to control the insured's defense in the proceedings, any stipulated judgment would only be presumptive evidence of the insured's liability. (See Civ. Code, § 2778, subd. 6; 14 Cal.Jur.3d, Contribution and Indemnification, §§ 70-71, pp.

CONCLUSION

The Court of Appeal's decision, issuing a writ of mandate directing that petitioner's motion for judgment on the pleadings be granted, is reversed.

Mosk, J., Panelli, J., Eagleson, J., Kennard, J., and Klein (Joan Dempsey), J.,* concurred.

**BROUSSARD, J.,** Concurring.—I fully agree with the well-reasoned and persuasive majority opinion. The unanimous view of this court that a judgment, even though arrived at by stipulation, is a "final judicial determination" of liability for the purpose of *Moradi-Shalal* v. *Fireman's Fund Ins. Companies* (1988) 46 Cal.3d 287 [250 Cal.Rptr. 116, 758 P.2d 58] can come as little surprise. I write separately only to comment on the gross unfairness which California State Automobile Association (hereinafter petitioner) sought to achieve, and the adverse consequences it was prepared to cause in the interest of avoiding liability.

Petitioner provided counsel to represent the insured in these proceedings and, in addition, petitioner retained corporate counsel to represent its own interests in the settlement process. Having reached a settlement, both counsel for the insured and petitioner's corporate counsel signed a stipulation providing that the defendant insured "admits liability and consents to the entry of judgment in favor of plaintiff" for $175,000, and that "plaintiff reserves all claims against California State Automobile Association Inter-Insurance Bureau and its agents arising out of its handling of plaintiff's claims arising out of the March 4, 1983, automobile accident with defendant." Plaintiff's demand for a reservation of rights no doubt was a subject for negotiation and played a part in the final settlement figure.

As soon as plaintiff sued petitioner for its handling of the claim arising out of the accident, petitioner denied that the judgment constituted a final adjudication of liability and refused to be bound by the stipulation in which plaintiff reserved her rights to pursue her claim. To put it bluntly, petitioner repudiated the stipulated judgment and sought to get the benefit of its bargain without paying the agreed-upon price.

In order to achieve this result, petitioner argued that we should not give collateral estoppel effect to a stipulated judgment. This argument calls into

734-738.) In such a case, the issue of an insured's liability would be subject to litigation in the section 790.03(h) suit, thereby conflicting with the policies of *Moradi-Shalal.*

*Presiding Justice, Court of Appeal, Second Appellate District, Division Three, assigned by the Chairperson of the Judicial Council.

question decisions dating back to 1883 holding that a stipulated judgment is the equivalent of a judgment after a contested trial for the purpose of res judicata and collateral estoppel. (*McCreery* v. *Fuller* (1883) 63 Cal. 30, 31-32; see also *Moore* v. *Schneider* (1925) 196 Cal. 380, 389 [238 P. 81]; *Partridge* v. *Shepard* (1886) 71 Cal. 470, 475 [12 P. 480]; *Wittman* v. *Chrysler Corp.* (1988) 199 Cal.App.3d 586, 591-592 [245 Cal.Rptr. 20] [consent judgment in judicial foreclosure collaterally estops parties from relitigating issue of fraud]; *In re Marriage of Buckley* (1982) 133 Cal.App.3d 927, 935 [184 Cal.Rptr. 290] [stipulated judgment annulling marriage estops claim of fraudulent inducement to marry in later action]; *De Weese* v. *Unick* (1980) 102 Cal.App.3d 100, 105 [162 Cal.Rptr. 259] [stipulated judgment in paternity action estops father from relitigating paternity in later action for child support].) It is simply settled law that normally a stipulated judgment is given collateral estoppel effect as to parties *or their privies* to the same extent as a judgment after a contested trial. (See *Gates* v. *Superior Court* (1986) 178 Cal.App.3d 301, 308 [223 Cal.Rptr. 678]; *Ellena* v. *State of California* (1977) 69 Cal.App.3d 245, 253 [138 Cal.Rptr. 110]; *Avery* v. *Avery* (1970) 10 Cal.App.3d 525, 529 [89 Cal.Rptr. 195]; *United States Fire Ins. Co.* v. *Johansen* (1969) 270 Cal.App.2d 824, 833 [76 Cal.Rptr. 174]; *Guaranty L. Corp.* v. *Board of Supers.* (1937) 22 Cal.App.2d 684, 686 [71 P.2d 931]; 7 Witkin, Cal. Procedure (3d ed. 1985) Judgment, § 219, p. 656, and cases cited.)

Thus, petitioner's legal claim is totally without merit and contrary to long-established authority. It is an understatement to say that petitioner's position is also devoid of equitable appeal. Petitioner is seeking to avoid its express commitment in a transaction in which plaintiff has already lived up to her part of the bargain. We refuse to do violence to the law and open thousands of final judgments to collateral attack in order to allow petitioner to find a way to repudiate its obligations.