NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 5 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BILLY Z. EARLEY,<br><br>          Plaintiff-Appellant,<br><br>   v.<br><br>KIMBERLY KIRCHMEYER, in her individual and official capacity as the Executive Director of the Board of California; et al.,<br><br>          Defendants-Appellees. | No. 18-55461<br><br>D.C. No. 5:16-cv-02274-AB-SK<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
André Birotte, Jr., District Judge, Presiding

Submitted November 27, 2018**

Before:     CANBY, TASHIMA, and FRIEDLAND, Circuit Judges.

Billy Z. Earley appeals pro se from the district court's judgment dismissing

his 42 U.S.C. § 1983 action alleging constitutional violations arising from a state

administrative hearing.  We have jurisdiction under 28 U.S.C. § 1291.  We review

---

        *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

        **    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

de novo a dismissal on the basis of res judicata. *Miller v. County of Santa Cruz*, 39 F.3d 1030, 1032 (9th Cir. 1994). We affirm.

The district court properly dismissed the official-capacity claims against defendant Mitchell as barred by the doctrine of res judicata because Earley's claims were raised, or could have been raised, in the administrative hearing between the same parties that resulted in a final judgment on the merits. *See Univ. of Tenn. v. Elliott*, 478 U.S. 788, 799 (1986) (federal courts must give preclusive effect to the findings of state administrative tribunals in subsequent actions under § 1983); *Cal. State Auto. Ass'n Inter-Ins. Bureau v. Superior Court*, 788 P.2d 1156, 1159 (Cal. 1990) ("[A] stipulated judgment may properly be given collateral estoppel effect, at least when the parties manifest an intent to be collaterally bound by its terms."); *Villacres v. ABM Indus., Inc.*, 117 Cal. Rptr. 3d 398, 409 (Cal. Ct. App. 2010) (under California law "the rule is that the prior judgment is res judicata on matters which were raised or could have been raised" in the prior action).

The district court did not abuse its discretion by setting aside the entry of default against defendant Morazzini because Morazzini demonstrated good cause. *See* Fed. R. Civ. P. 55(c) (setting forth good cause standard for setting aside an entry of default); *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945 (9th Cir.

18-55461

1986) (setting forth standard of review and stating that "[t]he court's discretion is especially broad where, as here, it is entry of default that is being set aside, rather than a default judgment").

The district court did not abuse its discretion by denying Earley's motion for recusal because Earley failed to set forth any basis for recusal. *See United States v. Johnson*, 610 F.3d 1138, 1147 (9th Cir. 2010) (setting for standard of review and bases for recusal); *see also Liteky v. United States*, 510 U.S. 540, 555 (1994) (explaining that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion").

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Earley's motions to take judicial notice (Docket Entry Nos. 4, 15 & 17), request for an evidentiary hearing, set forth in the opening brief, and request for "a legitimate enforcement referral," set forth in the reply brief, are denied.

**AFFIRMED.**

18-55461