NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 1 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AJESH S. BHAKTA, an individual; et al., | No.   21-55328 |
| Plaintiffs-Appellants, | D.C. No. 5:20-cv-01480-PA-KS |
| v. | |
| DHARMENDRA M. BHAKTA, an individual; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted January 12, 2022
Pasadena, California

Before:  TASHIMA and M. SMITH, Circuit Judges, and S. MURPHY III,**
District Judge.

This appeal challenges how the district court construed a state court settlement

agreement and related litigation.  The underlying dispute in both state and federal

court is a family business disagreement over the ownership of a hotel.  The issues

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Stephen Joseph Murphy III, United States District
Judge for the Eastern District of Michigan, sitting by designation.

were first litigated in state court, and the parties reached a settlement agreement. Plaintiffs (members of the Bhakta family) contest the validity of the settlement agreement and bring various federal and state claims against Defendants (other members of the Bhakta family and their business, Jayashree Krishna, Inc.) based on the same underlying state court disputes. Because the parties are familiar with the facts, we do not recount them here, except as necessary to provide context to our ruling. We have jurisdiction pursuant to 28 U.S.C. § 1291 and review a district court's dismissal under Federal Rule of Civil Procedure 12(b)(6) de novo. *See Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1151 (9th Cir. 2019).

The district court erred in holding that Plaintiffs' federal lawsuit was precluded by the prior state court litigation. Under California law, the doctrine of claim preclusion requires that the prior proceedings (1) present identical claims or issues, (2) constitute a final judgment on the merits, and (3) involve the same parties. *See Boeken v. Philip Morris USA, Inc.*, 230 P.3d 342, 348 (Cal. 2010). There was no final judgment in the state case.

Under California law, "[a] dismissal with prejudice following a settlement constitutes a final judgment on the merits." *Estate of Redfield*, 124 Cal. Rptr. 3d 402, 407 (Ct. App. 2011). Although the California Superior Court dismissed the state case with prejudice and entered a settlement pursuant to California Code of Civil Procedure Section 664.6, it did not enter a judgment, which is required to

2

effectuate a Section 664.6 settlement. *See DeSaulles v. Cmty. Hosp. of Monterey Peninsula*, 370 P.3d 996, 1004 (Cal. 2016) ("[S]ettlement agreements pursuant to section 664.6 . . . result not only in contractual agreements but also in judgments that conclusively resolve the issues between the parties."); *see also Walton v. Mueller*, 102 Cal. Rptr. 3d 605, 609 (Ct. App. 2009). Accordingly, when Plaintiffs tried to appeal the Superior Court's dismissal of their case, the California Court of Appeal dismissed Plaintiffs' appeal without prejudice for lack of a final judgment. "In California, a judgment is not final for purposes of res judicata or collateral estoppel if an appeal is pending or could still be taken." *Riverside Cnty. Transp. Comm'n v. S. Cal. Gas Co.*, 268 Cal. Rptr. 3d 196, 208 (Ct. App. 2020). Because an appeal "could still be taken" in the state case, there is no final judgment. *Id.*; *see also Franklin & Franklin v. 7-Eleven Owners for Fair Franchising*, 102 Cal. Rptr. 2d 770, 774 (Ct. App. 2000).

Defendants contend that the panel need not reach the claim preclusion issue because Plaintiffs' federal claims are barred by the California Civil Code Section 1542 waiver in the parties' settlement agreement. Without a final judgment or preclusive effect, however, the validity of the parties' Section 1542 waiver is a matter of contract interpretation. *Jamieson v. City Council of the City of Carpinteria*, 139 Cal. Rptr. 3d 48, 52 (Ct. App. 2012); *see also Cal. State Auto. Ass'n. Inter-Ins. Bureau v. Superior Ct.*, 788 P.2d 1156, 1159 (Cal. 1990). At the pleading stage and

3

accepting Plaintiffs' well-pleaded facts as true, the district court erred in concluding that the contested settlement agreement's Section 1542 waiver was enforceable. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). "Ordinarily, a district court is empowered to enforce a settlement agreement through summary proceedings . . . However, where the parties dispute the existence or terms of the agreement, an evidentiary hearing is required." *Adams v. Johns-Manville Corp.*, 876 F.2d 702, 708 (9th Cir. 1989).

The validity of the settlement agreement is the precise issue that Plaintiffs wish to litigate in the California Court of Appeal once they receive their long-awaited judgment from the Superior Court. Given the overlapping issues between the federal and state cases, on remand the district court may wish to consider staying the case pending the state court's resolution. *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 819 (1976).

**REVERSED and REMANDED.**