Filed 8/21/25  P. v. Aguirre CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JUAN CARLOS AGUIRRE,<br><br>Defendant and Appellant. | F088178<br><br>(Super. Ct. No. 10CM3924-002)<br><br>**OPINION** |

## THE COURT\*

APPEAL from an order of the Superior Court of Kings County.  Robert S. Burns, Judge.

William W. Lee, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Ian Whitney, Eric Christoffersen, and Joseph Penney, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Hill, P. J., Detjen, J. and Fain, J.†

†       Judge of the Fresno Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

## INTRODUCTION

Appellant and defendant Juan Carlos Aguirre (Aguirre) pled no contest to two counts of attempted second degree murder of a peace officer, two counts of assault of a peace officer with a firearm, and one count of evading a peace officer. Aguirre also admitted enhancements for inflicting great bodily injury, discharging a firearm, and a criminal street gang allegation. The parties stipulated that the preliminary hearing transcript provided the factual basis for the plea.

On June 29, 2022, Aguirre filed a petition for resentencing pursuant to Penal Code[1] former section 1170.95.[2] Counsel was appointed to represent Aguirre for the petition. On December 9, 2022, the trial court accepted the parties' stipulation that Aguirre made a prima facie showing and set it for an evidentiary hearing. On April 11, 2024, the court held a prima facie hearing on the section 1172.6 petition and denied it finding Aguirre not eligible for resentencing given the factual scenario of his case based on the preliminary hearing transcript.

On appeal, Aguirre claims the trial court erred by denying his section 1172.6 petition at the prima facie stage based on impermissible fact finding rather than concluding his was ineligible as a matter of law. The People contend the record is unclear regarding whether the court accepted or rejected the stipulation and therefore the matter should be remanded for further proceedings relating to the stipulation. Aguirre agrees it appears the court accepted the stipulation and asks the matter be remanded to issue an order to show cause.

## PROCEDURAL SUMMARY

Aguirre and codefendant Alberto Zeferino Hernandez were charged with two counts of attempted premeditated murder of Chris Barker and Hector Cavazos, peace

---

[1] Hereinafter, all undesignated statutory references are to the Penal Code.

[2] Former section 1170.95 was renumbered section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.) We refer to the current section 1172.6 in this opinion.

officers engaged in the performance of their duties (§§ 664, 187, subd. (a), 664, subds. (e) & (f), counts 1 & 2), two counts of assault with a semiautomatic firearm on a peace officer (§ 245, subd. (d)(2), counts 3 & 4), two counts of assault with a semiautomatic firearm (§ 245, subd. (b), counts 5 & 6), and evading a peace officer (Veh. Code, § 2800.2, subd. (a), count 7).  Multiple firearm enhancements were alleged in counts 3 through 6 (§§ 12022.5, subd. (a) & (d), 12022.53, subds. (b), (c), (d) & (e)(1)).  It was alleged counts 1 through 7 were committed at the direction of, on behalf of, or in association with a criminal street gang (§ 186.22, subd. (b)(1)–(5)), and Aguirre did not remain free from prison for five years subsequent to a prior prison term (§ 667.5, subd. (b)).  It was alleged as to counts 1 and 3 Aguirre inflicted great bodily injury on Barker (§ 12022.7, subd. (a).)

On July 12, 2012, pursuant to a second amended information, Aguirre entered a plea of no contest to two counts of second degree attempted murder (§§ 664, 187), two counts of assault on a peace officer with a firearm (§ 245, subd. (d)(2)), and one count of evading a peace officer (Veh. Code, § 2800.2).  Aguirre also admitted the enhancement allegations of inflicting great bodily injury (§ 12022.7, subd. (a)), discharging a firearm (§ 12022.53, subds. (c) & (e)(1)), and committing the offense at the direction of, on behalf of, or in association with a criminal street gang (§ 186.22, subd. (b)).  Aguirre stated his no contest pleas and admissions were pursuant to *People v. West*.[3]  The parties stipulated that the preliminary hearing transcript formed the factual basis for the plea.

On August 17, 2012, Aguirre was sentenced according to the plea agreement to an aggregate term of 79 years eight months state prison.

---

[3]     *People v. West* (1970) 3 Cal.3d 595, 603–604.

3.

On August 6, 2021, and September 3, 2021, Aguirre filed pleadings requesting a *Franklin*[4] hearing.

On June 29, 2022, Aguirre filed a petition for resentencing pursuant to section 1172.6. The trial court appointed counsel for Aguirre to represent him for the section 1172.6 petition and ordered briefing. The People filed an opposition to Aguirre's petition for resentencing on September 9, 2022. On December 9, 2022, the court accepted the parties' stipulation and found Aguirre made a prima facie showing under section 1172.6. The court set an evidentiary hearing. On January 6, 2023, the People filed a request for the court to take judicial notice of the preliminary hearing transcript pursuant to section 1172.6, subdivision (d)(3).

After numerous continuances, Aguirre's *Franklin* and section 1172.6 hearing was held on April 11, 2024. First, the trial court accepted the parties' written stipulation for the *Franklin* hearing to various facts concerning Aguirre's personal background. The court ordered the stipulation forwarded to the Department of Corrections and Rehabilitation in anticipation of a youth offender parole hearing. The court then addressed the section 1172.6 petition. The court considered the pleadings and preliminary hearing transcript. No other evidence was offered. Aguirre argued he could no longer be convicted of aiding and abetting the evading charge under Vehicle Code section 2800, and therefore was entitled to a resentencing hearing on all charges. The prosecutor argued that Aguirre did not qualify for resentencing under section 1172.6 because he was the shooter and perpetrator of the crimes. The court agreed that after considering the preliminary hearing transcript, there was no evidence other than Aguirre was the direct perpetrator. Finding the statute only applies to aiders and abettors convicted on a theory where malice is imputed, Aguirre failed to state a prima facie case for relief and the petition was denied.

---

[4] *People v. Franklin* (2016) 63 Cal.4th 261.

On June 10, 2024, Aguirre filed a notice of appeal, appealing the "denial of *Franklin* hearing." On December 10, 2024, this court granted Aguirre's unopposed motion to construe the notice of appeal as an appeal from the trial court's denial of his petition for resentencing under section 1172.6.

**FACTUAL SUMMARY[5]**

On November 20, 2010, Hanford Police Department Officer Hector Cavazos was on duty in a marked police patrol vehicle when he observed Officer Chris Barker in a separate marked police patrol vehicle initiate a traffic stop of a Honda Civic by activating his emergency lights. The vehicle slowed but then accelerated away. Barker reported that the vehicle sped away and Cavazos activated his emergency lights and assisted in the pursuit. Both Barker and Cavazos were accompanied by an explorer riding along.

Both Barker and Cavazos observed only one person inside the vehicle, which was the driver. After a pursuit, the vehicle pulled over to the shoulder of the road and Barker observed a front passenger (Aguirre) get out of the vehicle and run east, while the driver (Hernandez) got out of the vehicle and ran west towards Barker. The area did not have any streetlights. However, both officers got a good look at the driver and passenger as they were illuminated by the headlights on the patrol vehicles. Hernandez was wearing a jacket. Aguirre was wearing tan pants, a dark sweatshirt, and was bald. Aguirre ran and they lost sight of him in the dark.

Barker positioned his vehicle in an attempt to cut off Hernandez, colliding with Cavazos's vehicle. Barker and Cavazos got out of their vehicles and began to pursue Hernandez on foot. Barker held his taser in hand. Barker thought about the fact that he never saw a passenger in the vehicle while it was driving and became concerned there could be more passengers hiding in the vehicle who might ambush them. Barker turned

---

[5] The factual summary is taken from the preliminary hearing transcript, which the parties stipulated to as the factual basis for the plea agreement.

to look back at the vehicle and heard a pop like his taser going off. Barker felt a burning in his right leg and fell to the ground. Initially Barker thought he had accidentally tased himself. However, Barker heard more popping sounds and recognized it as gunfire at that point. Barker looked in the direction where Aguirre had been running and saw him standing still and saw muzzle flashes coming from a firearm he was holding. Barker heard eight to nine shots fired in succession and Barker returned fire at Aguirre. Aguirre then disappeared into the darkness. Barker called on the radio that shots had been fired, and an officer was down and needed assistance. Barker stated he was certain it was the passenger, but clarified that he could see only the lower half of the shooter. Barker could not see the top half of the individual firing at him due to lack of lighting.

Barker shifted his attention to look for Hernandez and saw a firearm drop to the ground as he was running. Hernandez kept his hands in front while he kept looking back. Because Barker did not know whether Hernandez had also fired shots at him, he fired about four or five shots at Hernandez until he disappeared.

Barker provided cover for Cavazos while he inspected inside the vehicle to make sure there were no other passengers inside. Barker realized he was bleeding from a hole in his inner thigh. He applied a tourniquet above the wound to try to control the bleeding. Medical assistance arrived and Barker was airlifted to Fresno for treatment. Luckily, the gunshot did not hit any bone but he continues to suffer nerve damage and burning sensation going down his leg.

Cavazos also ran after Hernandez when he initially fled the vehicle and was ahead of Barker in the pursuit. Cavazos saw Hernandez drop his jacket, turn towards the direction of Barker, and then he heard a loud pop sound and the sound of a taser being deployed. Cavazos saw a stainless steel revolver drop from Hernandez's waistband. Cavazos initially believed Hernandez was the shooter, so he drew his weapon and fired at Hernandez. Cavazos realized the popping sound was coming from the direction of the vehicle. He heard a rapid succession of firing from one gun and then he could hear

6.

Barker firing his weapon. Cavazos looked towards Barker to assess the situation and saw the person who matched the description of the front passenger, Aguirre, running from the scene. Cavazos did not see Aguirre firing his gun at that point. Cavazos fired several more rounds at Hernandez as he ran away. He never saw Hernandez holding the gun in his hand and never saw muzzle flashes coming from Hernandez. Once Hernandez was no longer a threat, Cavazos checked on Barker, made sure there was no one else in the vehicle, and called for additional units.

## DISCUSSION

### I. Prima Facie Showing Under Section 1172.6.

Aguirre initially argues the trial court erred by engaging in impermissible factfinding at the prima facie stage when it considered the preliminary hearing transcript in denying his section 1172.6 petition for resentencing. The People noted that the trial court appeared to have accepted a stipulation that Aguirre made a prima facie showing, which it may have later inadvertently forgotten due to the numerous continuances. The People request the matter be remanded to the trial court to clarify its intention regarding the stipulation entered on December 9, 2022. Aguirre contends that if the court accepted the stipulation, the matter should be remanded for the court to issue an order to show cause. We conclude the trial court accepted the parties' stipulation to the prima facie showing and erred when it denied Aguirre's petition at the prima facie stage.

#### A. Relevant Factual and Procedural Background

The initial hearing on Aguirre's petition for resentencing under section 1172.6 was on December 9, 2022. The prosecutor offered to stipulate that Aguirre made a prima facie showing on the petition "to line him up with the co-defendant Hernandez." The following colloquy occurred:

> "THE COURT: We can probably stipulate to the prima facie right now if the parties want to—what day is Hernandez coming back?

"[THE PROSECUTOR]: Hernandez has confirmation on the 20th, and evidentiary hearing on the 20th of January.

"THE COURT: We can probably just—do you want to stipulate to the prima facie taking care of that today, and set it for those same days.

"[THE PROSECUTOR]: That would be my request.

"[DEFENSE COUNSEL]: Yes.

"THE COURT: All right, we'll show that there is a finding of prima facie showing. We'll set it for January 20th at 8:15 for a confirmation. And January 23rd we set that in the afternoon, didn't we?

"[THE PROSECUTOR]: Yes.

"THE COURT: At 1:30 for the evidentiary hearing. Order … Aguirre back for each of those dates and times.…  [¶]  Anything further from either side?

"[THE PROSECUTOR]: No, your Honor, thank you.

"THE COURT:  [Defense Counsel]?

"[DEFENSE COUNSEL]: No."

As the People note, the trial court originally set the section 1172.6 matter as an evidentiary hearing on multiple dates: January 20, 2023, February 15, 2023, April 12, 2023, and September 13, 2023. On January 31, 2024, however, the court changed its language and set the section 1172.6 matter as a prima facie hearing. On February 29, 2024, the court continued the "prima facie hearing." Then it switched and called it an "evidentiary hearing" on March 11, 2024. Then the court returned to calling it a prima facie hearing on March 12, 2024, and on April 11, 2024, concluded Aguirre failed to state a prima facie case for relief.

The record does not contain any explanation or apparent reason as to why the trial court began treating the section 1172.6 matter as though it had not previously found Aguirre made a made a prima facie showing. The parties did not object when the court began setting the hearing as a prima facie hearing.

8.

**B.     Applicable Law and Standard of Review**

We independently review a trial court's determination on whether a petitioner has made a prima facie showing for relief. (*People v. Harden* (2022) 81 Cal.App.5th 45, 52.)

"Within 60 days after service of a petition that meets the requirements set forth in subdivision (b), the prosecutor shall file and serve a response. The petitioner may file and serve a reply within 30 days after the prosecutor's response is served. These deadlines shall be extended for good cause. After the parties have had an opportunity to submit briefings, the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief. If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause. If the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so." (§ 1172.6, subd. (c).)

"Within 60 days after the order to show cause has issued, the court shall hold a hearing to determine whether to vacate the murder, attempted murder, or manslaughter conviction and to recall the sentence and resentence the petitioner on any remaining counts in the same manner as if the petitioner had not previously been sentenced, provided that the new sentence, if any, is not greater than the initial sentence. This deadline may be extended for good cause." (§ 1172.6, subd. (d)(1).)

**C.     Analysis**

The parties concede that on December 9, 2022, the trial court appeared to accept the parties' stipulation that Aguirre made a prima facie showing and stated on the record that Aguirre made a prima facie showing for purposes of section 1172.6. The parties further concede the court's April 11, 2024 order finding Aguirre had not made a prima facie case for relief appears to contradict its previous December 9, 2022 order. The People concede the court never expressly rejected the stipulation, nor does the record show the court reversed its previous order finding a prima facie showing based on their stipulation. We agree and conclude the trial court accepted the parties' stipulation, did

9.

not reconsider its acceptance, and therefore, erred when it denied Aguirre's petition at the prima facie stage.

At the December 9, 2022 hearing, the trial court clearly accepted the parties' stipulation to the prima facie showing under section 1172.6, subdivision (c). The court asked, "do you want to stipulate to the prima facie taking care of that today .…" After the parties agreed, the court stated, "we'll show that there is a finding of prima facie showing" and set the matter for an evidentiary hearing. The record also reveals the reason the parties wanted to stipulate to the prima facie showing was "to line him up with the co-defendant Hernandez."

We reject the argument that the trial court could have accepted the stipulation that a prima facie showing was made, and later rejected the stipulation after due consideration of the law or facts. (See *California State Auto Assn. Inter-Ins. Bureau v. Superior Court* (1990) 50 Cal.3d 658, 664 [a court may reject a stipulation that contravenes public policy or incorporates an erroneous rule of law]; see also *Leonard v. City of Los Angeles* (1973) 31 Cal.App.3d 473, 476 [a court may reject a previously accepted stipulation when it comes to questions of law or legal conclusions drawn from stipulated facts].) Here, there is nothing in the record suggesting the court rejected the stipulation for any reason. Indeed, it appears the court's later treatment of the hearing as a prima facie hearing, proceeding as though there was no stipulation, was by mistake or inadvertence due to the number of continuances.

Since the trial court accepted the parties' stipulation that a prima facie showing was made, and never expressly reconsidered its acceptance, the court erred when it denied Aguirre's section 1172.6 petition at the prima facie stage rather than issuing an order to show cause and proceeding to an evidentiary hearing. Therefore, we reverse the court's decision denying the petition for failing to state a prima facie case and remand the matter to the trial court for further proceedings.

## DISPOSITION

We reverse the trial court's denial of Aguirre's section 1172.6 petition and remand for further proceedings consistent with this opinion. On remand, absent a request for reconsideration of the accepted stipulation, or sua sponte reconsideration of the accepted stipulation by the court, the court is directed to issue an order to show cause and proceed to the section 1172.6 evidentiary hearing.