[Civ. No. 18569.   First Dist., Div. Two.   Apr. 21, 1960.]

EUGENE A. TALIAFERRO, Appellant, v. DOROTHY
TALIAFERRO, Respondent.

Eugene A. Taliaferro, in pro. per., for Appellant.

Frisbie & Hoogs and W. H. Hoogs for Respondent.

DOOLING, J.—Plaintiff appeals from a judgment of dismissal after demurrer sustained to his second amended complaint. By his complaint in two counts he sought in count one to set aside the property settlement agreement with his former wife, which we construed in *Taliaferro* v. *Taliaferro*, 125 Cal.App.2d 419 [270 P.2d 1036], on the ground of mistake and also to set aside the interlocutory and final decrees of divorce. In count two he attempted to have declared void an order of the court of September 16, 1949, which set aside an earlier order modifying said property settlement agreement.

In *Taliaferro, supra*, 125 Cal.App.2d 419, we held that by the terms of this property settlement agreement, as modified by the parties, appellant was bound to pay his wife for life, despite her remarriage, $200 per month.

By the first count of his second amended complaint appellant attempts to have set aside in equity both the interlocutory and final decrees of divorce and the property settlement agree-

ment on the ground of mistake, the allegation as to mistake being that he was advised by his lawyer and believed acting on such advice at the time that he executed the property settlement agreement "that the support provisions . . . would terminate upon the remarriage of the defendant herein and at the very latest date would terminate upon the emancipation of the daughters . . ." He further alleges that he did not learn that the advice of his attorney in this respect was mistaken until June 18, 1958, when the trial court denied a motion to modify the support agreement. The court sustained a demurrer to this complaint without leave to amend as to both counts on the doctrine of res judicata and as to count one on the additional ground that no facts sufficiently justifying failure to discover the mistake are alleged.

We must agree with appellant that our decision in *Taliaferro, supra,* is not res judicata of the question of mistake. In that case we said, 125 Cal.App.2d at pages 425-426: "Appellant has by his cross-complaint sought . . . a determination by the court as to his rights and duties are under the terms of the property settlement agreement. He did not ask reformation of the contract. He did not claim that the contract mistakenly expressed an intent different than that agreed upon. He did not attack the validity of it in any way . . ."

It is obvious from this express language of our former opinion that the question of mistake here sought to be litigated was in no way involved in that case and that nothing which we there determined can be res judicata of the question presented by count one of the complaint herein.

The other ground however is good. We did expressly hold in *Taliaferro, supra,* 125 Cal.App.2d at pages 424 et seq. that under the property settlement the remarriage of the wife in 1947 to Louis Finn did not terminate her right to receive the payments provided for in the property settlement agreement. That decision became final in July, 1954. By that decision appellant was advised of the true construction of his agreement and cannot, in the face of that decision, avoid the notice which it gave him that the rights of the wife did not terminate on remarriage. In the face of those undisputed facts the court was entitled to disregard his allegation that he did not discover his mistake until 1958, particularly in view of the fact that he expressly referred in his pleading to our decision in *Taliaferro* v. *Taliaferro, supra.*

162

■ A party seeking to set aside a contract "must rescind promptly, upon discovering the facts which entitled him to rescind." (Civ. Code, § 1691.) "There have been many cases in which delays for much shorter periods than a year have been held to be fatal to the right to rescind." (*Estrada* v. *Alvarez*, 38 Cal.2d 386, 391 [240 P.2d 278].) Appellant's delay from 1954 when this court's construction of the property settlement agreement put appellant on notice of the correct construction of his agreement until 1958 is fatal to his action under count one.

■ The attack upon the order of the court entered September 16, 1949, in count two is clearly barred by the doctrine of res judicata. The second amended complaint alleges that by its order made and entered on June 22, 1949, the court adjudged and decreed that Dorothy D. Taliaferro was not entitled to any further payments under said contract after June 22, 1949; that thereafter on September 16, 1949, said order of June 22, 1949, was vacated and set aside and that said order of September 16, 1949, is void upon its face. In *Taliaferro, supra,* 125 Cal.App.2d at page 423 this court said:

"In March, 1949, appellant made a motion to modify the final decree of divorce . . . and on June 23 [sic], 1949, the Superior Court of Contra Costa County made an order modifying said decree by striking out paragraph Seventh of the property settlement agreement. On July 6, 1949, respondent filed a motion to vacate the order of June 23, 1949, and on September 16, 1949, the court made an order vacating the order modifying the final decree, the court having determined that the 'Property Settlement Agreement . . . was not merged in the interlocutory and final decrees of divorce . . . and that this court therefore is without jurisdiction to make an order modifying the terms of said property settlement agreement . . .' "

On page 425 of the same case this court said: "Because of the decision of the Superior Court of Contra Costa County . . . holding that the property settlement agreement was not merged in the interlocutory or final decree of divorce and therefore said court was without jurisdiction to modify the terms of the property settlement agreement, it is res judicata that there is no power in the court to modify the support provision."

This was a clear recognition by this court of the validity and binding effect of the order of September 16, 1949, and in

163

the face of that holding it is too late for appellant to attack that order now. A determination of the validity of the order of September 16, 1949, was necessarily included in our holding that that order was res judicata. That is deemed adjudged by a former judgment "which was actually and necessarily included therein or necessary thereto." (Code Civ. Proc., § 1911.) ▮ "A party cannot by negligence or design withhold issues and litigate them in consecutive actions. Hence the rule is that the prior judgment is *res judicata* on matters which were raised or could have been raised, on matters litigated or litigable." (*Sutphin* v. *Speik,* 15 Cal.2d 195, 202 [99 P.2d 652, 101 P.2d 497] ; *Price* v. *Sixth District Agricultural Assn.,* 201 Cal. 502, 511 [258 P. 387].) Since the validity of the order of September 16, 1949, was necessarily involved in *Taliaferro, supra,* and was the basis of the relief there granted appellant is barred from his attempt to relitigate that question in this action.

The judgment is affirmed.

Kaufman, P. J., and Draper, J., concurred.