[Civ. No. 35630. Second Dist., Div. One. Aug. 13, 1970.]

BETTY MAE AVERY, Plaintiff and Appellant, v.
JAMES A. AVERY, Defendant and Respondent.

## COUNSEL

Del Wells for Plaintiff and Appellant.

Walzer, Weinstock, Manion & King and Stuart L. Olster for Defendant and Respondent.

## OPINION

LILLIE, J.—The parties were divorced in the State of Missouri. The decree entered April 20, 1966, by the Missouri court provided: ". . . It is further ordered and adjudged by the court that plaintiff [defendant herein] pay to defendant [plaintiff herein] as alimony the sum of $15,000.00 as alimony in gross, payable in the sum of $150.00 per month . . . until paid in full and in default of anyone [sic] payment execution issue therefor . . . ." After making several payments defendant defaulted. Thus, on December 22, 1967, in the Los Angeles Superior Court plaintiff sued to establish the Missouri decree as a judgment of the California court, obtain judgment on arrearage and recover reasonable attorney's fees. Four days later, on December 26, 1967, plaintiff remarried in Missouri. On January 22, 1968, defendant filed an answer specifically setting up the affirmative defense that plaintiff's remarriage had discharged his liability to continue alimony payments. On October 23, 1968, counsel for the parties entered into a stipulation[1] whereby plaintiff was to have judgment against defendant. Pursuant thereto judgment was rendered and entered on October 24, 1968, wherein it was ordered that the Missouri judgment be made a judgment of the Superior Court of California and further, "2. That the sum of $12,500.00 as alimony in gross is still due, owing and unpaid under said judgment; 3. The defendant is ordered to pay said alimony in gross at $150.00 per month commencing October 20, 1968 and on the 20th day of each month

---

[1]"It is hereby stipulated and agreed by and between plaintiff and defendant in the above entitled action that the said BETTY MAE AVERY shall have and recover judgment against JAMES A. AVERY as follows:

"(1) That the said judgment of the Jackson County Circuit Court of Missouri at Kansas City be adjudged the judgment of the Superior Court of the State of California, for the County of Los Angeles.

"(2) That it be adjudged that the sum of $12,500.00 as alimony in gross is due, owing and unpaid.

"(3) That defendant be ordered to pay said alimony in gross at $150.00 per month, commencing October 20, 1968 and each month thereafter until said alimony in gross is satisfied.

"(4) Plaintiff may now obtain Writ of Execution for all present arrearage on said alimony in gross, to wit, Two Thousand ———————— Dollars ($2,000.00) and any future arrearage that may occur."

thereafter until said alimony in gross is satisfied; 4. The plaintiff shall have all rights and privileges of any judgment creditor, including the right to obtain a Writ of Execution to enforce this judgment, that the court finds that there is a present arrearage on said alimony in the amount of $2,000.00."

Defendant having defaulted in payments under the October 24, 1968, judgment, plaintiff caused writ of execution to issue and levied on defendant's wages. On May 21, 1969, defendant filed notice of motion to recall and quash writ of execution "on the judgment for alimony under a foreign decree entered on October 24, 1968, and to vacate and modify said decree" on the "grounds that plaintiff remarried on December 26, 1967, that defendant remarried on December 27, 1966, and that defendant has a seven-week-old baby and also contributes to the support of his stepson, age 17." After hearing on the motion, the same was granted on June 20, 1969; the court thereafter entered its order recalling and quashing the writ of execution, terminating "defendant's obligation to make payments to the plaintiff for amounts which would accrue and become due from and after June 20, 1969," and staying execution on the arrearage permitting the same to be paid at the rate of $50 per month. Plaintiff appeals from the order.

The court's findings of fact and conclusions of law reflect its "modification" of the alimony in gross provided in the October 24, 1968, judgment "on account of remarriage" of plaintiff. While defendant in his notice recited that his motion would be made on the grounds that plaintiff remarried December 26, 1967, and attached thereto certified copy of her Missouri marriage license, and that he remarried December 27, 1966, and has a family to support, in the absence of a reporter's transcript of the oral proceedings on the motion there is no showing what evidence, if any, was offered by defendant of his obligation to his present family. The only finding relative to any ground of "modification" (finding No. 4) recites plaintiff's remarriage on December 26, 1967; no mention is made of any other circumstances. It is apparent, therefore, that the remarriage of plaintiff was the court's reason for the "modification" (conclusions Nos. 3, 9). Moreover, the court in its order "terminated" defendant's obligation to make payments on the $12,500 alimony in gross provided for in the October 24, 1968, judgment, not as of the date of plaintiff's remarriage but as of June 20, 1969 (date of minute order granting motion). Thus by implication the court found that the alimony in gross had not terminated by operation of law on December 26, 1967, and "terminated" the same a year and a half later (June 20, 1969) by "modifying" the judgment "on account of remarriage" of plaintiff.

The judgment of October 24, 1968, (1) is res judicata on the issue of termination of defendant's liability for payment of alimony in gross upon

plaintiff's remarriage and defendant is barred from relitigating the issue, and (2) is not subject to modification on account of plaintiff's remarriage, thus we are compelled to reverse the order from which this appeal is taken.

In his answer to plaintiff's complaint to establish foreign judgment defendant expressly raised the affirmative issue that plaintiff had remarried terminating alimony placing directly in issue the effect of plaintiff's remarriage on his obligation. Thereafter instead of relitigating the issue, and with full knowledge of plaintiff's remarriage, defendant through his counsel entered into a written stipulation that the Missouri decree be adjudged a judgment of the California court, that plaintiff have and recover judgment against him, that "the sum of $12,500.00 as alimony in gross is due, owing and unpaid" and that he be ordered to pay the same at $150 per month until the same is satisfied. Accordingly judgment was entered October 24, 1968. This judgment rendered and entered pursuant to stipulation was final (*Reed* v. *Murphy,* 196 Cal. 395, 399 [238 P. 78]; *Harris* v. *Spinali Auto Sales, Inc.,* 202 Cal.App.2d 215, 217-218 [20 Cal.Rptr. 586]); and defendant has not sought to avoid the stipulation on the ground that his counsel had no authority to act for him or entered into the same without his knowledge and express consent, or claimed that his consent thereto was the result of fraud, misrepresentation, mistake or inadvertence, or that the judgment was not entered in conformity with the stipulation (defendant's own counsel prepared the stipulation and the judgment entered thereon), or that the complaint was fatally defective. His claim on the motion to vacate and modify the decree was that plaintiff's remarriage terminated his obligation to pay alimony. ■ "It is settled that all matters which are embraced within the issues of a former suit are settled and determined by the adjudication therein, and that such findings of fact are conclusive and binding upon the parties and their privies in all subsequent proceedings between them involving the same issues. [Citations.] ■ The judgment of a court of competent jurisdiction entered upon a stipulation of the parties has the same effect as if the action had been tried on the merits. (*McCreery* v. *Fuller,* 63 Cal. 30, 31; *Moore* v. *Schneider,* 196 Cal. 380, 389 [238 Pac. 81].)" (*Guaranty Liquidating Corp.* v. *Board of Supervisors,* 22 Cal.App. 2d 684, 686 [71 P.2d 931]; *Klinker* v. *Klinker,* 132 Cal.App.2d 687, 695 [283 P.2d 83].) On his motion the issue defendant sought to have adjudicated is identical with that raised by him in the main action; by stipulating therein that judgment be rendered against him, knowing the existence and the importance of the fact of plaintiff's remarriage, he consented to an adjudication adverse to him on that issue. ■ " 'A party cannot by negligence or design withhold issues and litigate them in consecutive actions. Hence the rule is that the prior judgment is *res judicata* on matters which were raised or could have been raised, on matters litigated or litigible.'

(*Sutphin* v. *Speik,* 15 Cal.2d 195, 202 [99 P.2d 652, 101 P.2d 497]; *Price* v. *Sixth Dist. Agr. Assn.,* 201 Cal. 502, 511 [258 P. 387].) Since the validity of the order of September 16, 1949, was necessarily involved in *Taliaferro, supra,* and was the basis of the relief there granted appellant is barred from his attempt to relitigate that question in this action." (*Taliaferro* v. *Taliaferro,* 180 Cal.App.2d 159, 163 [4 Cal.Rptr. 696].)

Had a trial resulted on the issues raised by the pleadings in the main action the court would have been compelled to make a direct determination whether the award of $15,000 designated in the Missouri decree as "alimony in gross" was in fact "alimony in gross" or mere alimony, and whether defendant's liability to pay the same terminated upon plaintiff's remarriage. In stipulating to entry of judgment against him defendant conceded that "$12,500.00 as alimony in gross is due, owing and unpaid" and consented to be bound to pay the same. Implicit in the judgment is the court's finding that the sum awarded was alimony in gross and defendant's liability therefor did not terminate on plaintiff's remarriage. Inasmuch as there was a final judgment on the merits, the same is res judicata on the issues adjudicated and is conclusive on the parties herein; any attack on the October 24, 1968, judgment is clearly barred by the doctrine of res judicata.

Nor can there be any question that at the time the stipulated judgment was rendered and entered the trial court had jurisdiction over both the paries and the subject matter. Defendant's challenge to the latter is predicated on the argument that on the day of plaintiff's remarriage the alimony in gross, which he equates with alimony, terminated thus the court lacked jurisdiction to revive it and the parties' stipulation could not confer jurisdiction. Defendant is in error for (1) under the Missouri law the alimony in gross awarded by the Missouri court did not terminate upon plaintiff's remarriage; (2) the judgment of October 24, 1968, is not an alimony judgment but one based on an agreement for the payment of money and is a judgment for a fixed sum even though designated "alimony in gross" payable in monthly installments, and provides that plaintiff shall have all rights and privileges of any judgment creditor; and (3) the court in granting defendant's motion and "modifying" the decree "on account of remarriage" of plaintiff impliedly found that the court had jurisdiction over the subject matter at the time it rendered its October 24, 1968, judgment and that the award of alimony in gross did not terminate by operation of law on the day of plaintiff's remarriage.

According to Missouri law the award of alimony in gross by the Missouri court was final and not subject to modification. Both the Missouri Legislature and the Missouri courts make a definite distinction between an award of alimony in gross and one of alimony "from year to year," and treat the

former in a different manner than the latter. Section 452.080, Revised Statutes, Missouri (1959), says the court in its discretion may decree "alimony in gross," and the authorities hold that it be made payable in installments. (*Backy* v. *Backy* (Mo.App. 1962) 355 S.W.2d 389, 394.) Similar to section 139, California Civil Code, section 452.075, Revised Statutes, Missouri (1959)[2] provides for termination of alimony upon the wife's remarriage; however, the language of the statute does not extend such termination to alimony in gross. Thereafter section 452.080, Revised Statutes, Missouri (1959), further distinguishes alimony in gross from alimony from year to year providing that an award of alimony in gross shall be a general lien on the realty of the party against whom the decree may be rendered as in the case of other judgments for enforcement of which the court must issue execution; on the other hand alimony from year to year shall not be a lien until execution is issued and in the hands of the enforcing officer.[3] Section 452.070, Revised Statutes, Missouri (1959), allows modification of alimony but Missouri authorities hold that an award of alimony in gross cannot be modified except on appeal if by its terms and form it is final, determined, unambiguous and capable of execution. (*Backy* v. *Backy* (Mo.App. 1962) 355 S.W.2d 389, 393; see also *Carl* v. *Carl* (Mo.App. 1955) 284 S.W.2d 41, 43.) In the case at bench the award was expressly designated by the Missouri court in the judgment as "alimony in gross"; the amount of the award was certain ($15,000) and payable in specified amounts ($150 a month); and the award was a final judgment and in such form that the clerk could issue an execution upon it which an officer could execute.

It is readily apparent from the Missouri law that at the time defendant

---

[2]Section 452.075: "Remarriage of wife ends alimony.

"When a divorce has been granted, and the court has made an order or decree providing for the payment of alimony and maintenance of the wife, the remarriage of the former wife shall relieve the former husband from further payment of alimony to the former wife from the date of the remarriage, without the necessity of further court action, but the remarriage shall not relieve the former husband from the provisions of any judgment or decree or order providing for the support of any minor children."

[3]Section 452.080: "Decree for alimony—a lien, when.

"Upon a decree of divorce in favor of the wife, the court may, in its discretion, decree alimony in gross, such decree shall be a general lien on the realty of the party against whom the decree may be rendered, as in the case of other judgments. When such decree is for alimony from year to year, such decree shall not be a lien on the realty as aforesaid, but an execution in the hands of the proper officer, issued for the purpose of enforcing such decree, shall constitute a lien on the real and personal property of the defendant in such execution, so long as the same shall lawfully remain in the possession of such officer unsatisfied. In lieu of the lien of such decree for alimony from year to year, it is hereby provided that the party against whom such decree may be rendered shall be required to give security ample and sufficient for such alimony. but where default has been made in giving such security, the decree for alimony from year to year shall be a lien as in case of general judgments."

stipulated to the rendition of judgment against him and the same was entered by the California court (October 24, 1968), the award of alimony in gross set up in the Missouri decree, which was final, had not terminated by operation of law and was not subject to modification, and the California court had jurisdiction over the subject matter; and that thereafter the alimony in gross set up in the California judgment which became final, could not be modified either by terminating the same on account of plaintiff's remarriage or by changing the terms of payment. ■ "In an action to enforce a modifiable support obligation, either party may tender and litigate any plea for modification that could be presented to the courts of the state where the alimony or support decree was originally rendered." (*Worthley* v. *Worthley,* 44 Cal.2d 465, 474 [283 P.2d 19]; *Biewend* v. *Biewend,* 17 Cal.2d 108, 113-114 [109 P.2d 701, 132 A.L.R. 1264].) Conversely, the parties here may not litigate a plea for modification of a decree if the plea could not have been interposed in the courts of the state of rendition.

Finally, indulging all reasonable inferences in favor of the judgment of October 24, 1968, it is reasonable to infer from defendant's stipulation an acknowledgment of his intention at the time the Missouri decree was entered to bind himself to pay the $15,000 to plaintiff regardless of any remarriage.

The order is reversed.

Wood, P. J., and Gustafson, J., concurred.