Filed 4/21/16  Adler v. City of National City CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| BENJAMIN ADLER,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>CITY OF NATIONAL CITY,<br><br>    Defendant and Respondent. | D067885<br><br><br>(Super. Ct. No.  37-2013-00077889-CU-WM-CTL ) |

APPEAL from a judgment of the Superior Court of San Diego County, Richard E. L. Strauss, Judge.  Affirmed.

Law Offices of Donald D. Beury and Donald D. Beury for Plaintiff and Appellant.

Daley & Heft, Lee H. Roistacher, Mitchell D. Dean and Heather E. Paradis for Defendant and Respondent.

Benjamin Adler appeals a judgment of dismissal following National City's (City) successful motion for judgment on the pleadings.  We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

McDini's Restaurant Corporation does business as McDini's Irish Cantina (McDini's) and is located at 105 E. 8th Street in National City (Property). Charlton Adler is the president, secretary and stockholder of McDini's. The Howard Adler Trust owns the Property.

Prior to 2010, McDini's was operating under conditional use permit (CUP) 2009-09, which allowed McDini's to operate as a restaurant and bar under certain conditions, including limiting live entertainment to Thursday through Saturday before midnight with professional security provided.

In 2010, the City brought a nuisance abatement action in San Diego County Superior Court against Adler, Charlton Adler, McDini's, and the Adler Howard Trust, entitled *People v. Adler*, San Diego Superior Court Case No. 37-2010-00092488-CU-MC-CTL (Abatement Action). The Abatement Action was based, in part, on the defendants' failure to comply with CUP 2009-09's live entertainment conditions.

On December 17, 2010, the court in the Abatement Action entered a stipulated judgment requiring McDini's to immediately cease all operations. The judgment was conditionally stayed provided, among other things, that McDini's applied for a new CUP within 60 days and in the interim ceased all live entertainment. The stipulated judgment provided that the City could seek enforcement of it by ex parte application for failure to comply with its terms.

McDini's applied for and was granted CUP 2010-33 by National City's planning commission, which the City Council approved in February 2012 through City council

resolution 2012-49, and live entertainment was again allowed at McDini's subject to a number of specific conditions. McDini's permission to have live entertainment was subject to revocation by the City, if, among other things, the chief of police determined that the reinstatement of live entertainment resulted in or significantly contributed to a 10 percent increase in the demand for police services at McDini's between the hours of 5:00 p.m. and 3:00 a.m.

On March 27, 2012, the December 17, 2010 stipulated judgment in the Abatement Action was amended to allow for live entertainment at McDini's provided McDini's operated in compliance with resolution 2012-49's conditions. The March 27, 2012 amended stipulated judgment further allowed the City to proceed by ex parte application to reinstitute the December 17, 2010 stipulated judgment's prohibition of live entertainment for McDini's failure to comply with resolution 2012-49's conditions.

In March 2013, the planning commission undertook an annual review of CUP 2010-33. After concluding that McDini's failed to comply with resolution 2012-49's conditions, and finding there was more than a 10 percent increase in the demand for police services, the planning commission set a revocation hearing. A public revocation hearing was held on June 17, 2013, after which the planning commission revoked CUP 2010-33, which had the effect of barring live entertainment at McDini's. The planning commission's decision was appealed and upheld by the City council pursuant to resolution 2013-132.

3

Based on McDini's failure to comply with resolution 2012-49's conditions and the resulting revocation of CUP 2010-33, the City applied ex parte on September 12, 2013 to reinstate the prohibition of live entertainment at McDini's.

On September 12, 2013, over Adler's opposition, the court in the Abatement Action ordered the immediate reinstitution of the stipulated judgment's prohibition of live entertainment at McDini's. Adler did not appeal this order.

On December 2, 2013, Adler filed a petition for writ of administrative mandamus under Code of Civil Procedure section 1094.5. Alleging McDini's compliance with resolution 2012-49's live entertainment conditions, Adler sought a court order overturning resolution 2013-132, which affirmed the planning commission's preclusion of live entertainment at McDini's through revocation of CUP 2010-33. In essence, Adler sought a court order allowing live entertainment at McDini's.

The City moved for judgment on the pleadings, which included a request for judicial notice. The City argued Adler lacked standing because the Howard Adler Trust, as the owner of the Property, was the proper party to challenge the City council's affirmation of the planning commission's revocation of CUP 2010-33. The City additionally argued that the stipulated judgment and order in the Abatement Action precluding live entertainment at McDini's was res judicata to the issues Adler raised in his writ petition.

On February 6, 2015, the trial court granted the City's request for judicial notice as well as the City's motion for judgment on the pleadings without leave to amend. Adler timely appealed the ensuing judgment.

4

DISCUSSION

On appeal, the judgment of the trial court is presumed to be correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564 (*Denham*).) All intendments and presumptions are made to support the judgment on matters as to which the record is silent. (*Ibid.*)

An appellant has the burden to provide an adequate record and affirmatively show reversible error. (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574.) Further, it is the appellant's duty to support arguments in his or her briefs by references to the record on appeal, including citations to specific pages in the record. (*Duarte v. Chino Community Hospital* (1999) 72 Cal.App.4th 849, 856 (*Duarte*).) "Appellate briefs must provide argument and legal authority for the positions taken. 'When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived.' " (*Nelson v. Avondale Homeowners Assn.* (2009) 172 Cal.App.4th 857, 862 (*Nelson*).) "We are not bound to develop appellants' argument for them. [Citation.] The absence of cogent legal argument or citation to authority allows this court to treat the contention as waived." (*In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830.)

As a threshold matter, we observe that Adler's opening brief is not a model of clarity. He begins by telling us he is appealing "the granting of a Motion for Summary Judgment holding that an Ex-Parte Motion being granted in a companion case barred a subsequent evidentiary hearing." However, the instant appeal actually concerns a judgment of dismissal following a successful motion for judgment on the pleadings. Thus, from the outset, Adler does not even properly frame the issues before us.

5

An appellant's opening brief must provide "a summary of significant facts limited to matters in the record." (Cal. Rules of Court, rule 8.204(a)(2)(C).[1]) Here, Adler has included a section entitled "Statement of the Facts" in his opening brief, but he fails to cite to the record to support any of the facts. This is improper. (*Duarte, supra,* 72 Cal.App.4th at p. 856.)

Also, the superior court granted the City's motion for judgment on the pleadings on the grounds that Adler lacked standing and the petition was barred by res judicata. Adler does not address these issues adequately. He ignores the res judicata issue, and argues that he is the appropriate person to appear on behalf of McDini's. Unfortunately, this argument is not supported by citations to the record or any legal authority. Adler therefore has waived this argument. (*Nelson*, *supra*, 172 Cal.App.4th at p. 862.) Moreover, Adler's contention misses the mark. The court found that Adler lacked standing because he is not the owner of the Property. Here, Adler does not dispute this fact, but instead, insists that he "will move this court to designate McDini's Restaurant Corp. as the real party in interest." Again, Adler fails to address the reasoning of the court's order and does not explain why the court's finding that he lacked standing was in error. These shortcomings also are fatal to Adler's appeal. (See *In re Marriage of Falcone & Fyke*, *supra*, 164 Cal.App.4th at p. 830.)

Further, Adler did not file a proper appellant's appendix in the instant matter. Rule 8.124(b)(1)(B) requires an appellant to include in the appendix any document filed in the

---

[1] Further citation to the rules or rule are to the California Rules of Court.

trial court necessary for this court to resolve the issues raised on appeal. Because Adler's argument is that the superior court erred in granting the City's motion for judgment on the pleadings, it logically follows that Adler would include the City's motion, Adler's opposition to the motion, and any other pleadings the court considered in ruling on the motion. However, Adler did not include any of the briefing on the motion he now claims was improperly granted. He thus cannot establish error. (*Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502 [appellant failed to meet burden to establish error in granting respondent's motion to strike by omitting the motion to strike, opposition, and the court's order].)

Although all the above deficiencies are sufficient grounds on which to affirm the judgment, even if we were to reach the merits of this appeal, we would affirm the judgment in any event.

Judgment on the pleadings is similar to a demurrer and is properly granted when the "complaint does not state facts sufficient to constitute a cause of action against [the] defendant." (Code Civ. Proc., § 438, subd. (c)(1)(B)(ii); *Shea Homes Limited Partnership v. County of Alameda* (2003) 110 Cal.App.4th 1246, 1254.) We independently review the superior court's ruling on a motion for judgment on the pleadings to determine whether the complaint states a cause of action. In so doing, we accept as true the plaintiff's factual allegations and construe them liberally. (*Rolfe v. California Transportation Com.* (2002) 104 Cal.App.4th 239, 242-243.) If a judgment on the pleadings is correct upon any theory of law applicable to the case, we will affirm it

7

regardless of the considerations used by the superior court to reach its conclusion. (*Schabarum v. California Legislature* (1998) 60 Cal.App.4th 1205, 1216.)

In his petition for writ of administrative mandamus, Adler asks the court to order the City to set aside resolution 2013-132, which affirmed the planning commission's revocation of CUP 2010-33. In other words, Adler wants the court to reinstate CUP 2010-33 that would allow live entertainment at McDini's. However, he lacks standing to request such relief.

A CUP is not a personal interest. Instead, it runs with the land upon which the use is allowed. (*Anza Parking Corp. v. City of Burlingame* (1987) 195 Cal.App.3d 855, 858.) Logically, the owner of the subject property would be the party with standing to challenge the revocation of the CUP. It is not disputed that Adler does not own the Property. He makes no such allegation in his petition. Accordingly, we agree with the superior court that Adler lacks standing to bring the petition to reinstate CUP 2010-33.[2]

In addition, we conclude that Adler's petition was barred by res judicata. The doctrine of res judicata gives preclusive effect to a prior, final judgment involving the same controversy between the same parties or those in privity. (*Boeken v. Philip Morris USA, Inc.* (2010) 48 Cal.4th 788, 797 (*Boeken*).) It consists of two related aspects: claim preclusion and issue preclusion. Claim preclusion provides that "a valid, final judgment on the merits precludes parties or their privies from relitigating the same 'cause of action' in a subsequent suit." (*Le Parc Community Assn. v. Workers' Comp. Appeals Bd.* (2003)

---

[2]     We note Adler offered no argument in his opening brief addressing the standing issue.

8

110 Cal.App.4th 1161, 1169.)  Issue preclusion, or collateral estoppel, " 'precludes relitigation of issues argued and decided in prior proceedings.' " (*Mycogen Corp. v. Monsanto Co.* (2002) 28 Cal.4th 888, 896.)

"For purposes of collateral estoppel, an issue was actually litigated in a prior proceeding if it was properly raised, submitted for determination, and determined in that proceeding." (*Hernandez v. City of Pomona* (2009) 46 Cal.4th 501, 511.)  Thus, " ' "the prerequisite elements for applying the doctrine to either an entire cause of action or one or more issues are the same:  (1) A claim or issue raised in the present action is identical to a claim or issue litigated in a prior proceeding; (2) the prior proceeding resulted in a final judgment on the merits; and (3) the party against whom the doctrine is being asserted was a party or in privity with a party to the prior proceeding." ' " (*Boeken*, *supra*, 48 Cal.4th at p. 797; *Pitzen v. Superior Court* (2004) 120 Cal.App.4th 1374, 1381.)

In the Abatement Action, the parties (which included Adler) entered into a stipulated judgment on December 17, 2010 requiring McDini's to cease all operations, including live entertainment.  The stipulated judgment was amended on March 27, 2012 to allow live entertainment provided McDini's complied with certain conditions.  In addition, the amended stipulated judgment provided:  "In the events Defendants do not comply with any terms of this Amendment to the Stipulated Judgment, the City can proceed by Ex Parte Application to reinstitute the prohibition of live entertainment at McDini's . . . ."  By way of the amendment to the stipulated judgment, the parties (including Adler) agreed to a quick, efficient mechanism to revoke the allowance of live

9

entertainment if the defendants did not comply with certain terms. That mechanism was an ex parte application. Adler does not dispute that the amended stipulation provided that expedited process.

"In a stipulated judgment . . . litigants voluntarily terminate a lawsuit by assenting to specified terms, which the court agrees to enforce as a judgment." (*California State Auto. Assn. Inter-Ins. Bureau v. Superior Court* (1990) 50 Cal.3d 658, 663.) A stipulated judgment has the same effect as if the action were tried on the merits. (*Avery v. Avery* (1970) 10 Cal.App.3d 525, 529; *Villacres v. ABM Industries, Inc.* (2010) 189 Cal.App.4th 562, 596.) A stipulated judgment is res judicata as to those issues it embraces, (*California State Auto.*, *supra*, at p. 664; *Villacres*, *supra*, at p. 596), including those that were raised or could have been raised (*Gates v. Superior Court* (1986) 178 Cal.App.3d 301, 309; *Avery*, *supra*, at p. 529).

Here, it is undisputed that the City applied ex parte, under the amended stipulation, to reinstitute the prohibition of live entertainment at McDini's. Over Adler's opposition, the court entered the City's requested order. Adler did not appeal that order.

Instead, over two months later, Adler brought the instant petition, contending that live entertainment must be permitted at McDini's. Moreover, he argues that the reasons supporting the City's decision to reinstate the prohibition of live entertainment are false. In doing so, however, Adler is seeking to relitigate the exact same issue that was resolved in the Abatement Action, in which he was a party. Thus, res judicata precludes Adler from relitigating the same issues in his writ proceeding. (See *O'Hagen v. Board of Zoning Adjustment* (1971) 19 Cal.App.3d 151, 155-157 [judgment in nuisance abatement

10

action brought by City against permitee for violations of a CUP precludes relitigating same issues in writ proceeding by permitee challenging revocation of use permit].)[3]

DISPOSITION

The judgment is affirmed.  The City is awarded its costs on appeal.


HUFFMAN, J.

WE CONCUR:


McCONNELL, P. J.


McDONALD, J.

---

[3]    In his opening brief, Adler maintains his due process rights were violated because he was not permitted to have a full hearing on the issues.  However, his argument is aimed at the amended stipulation allowing the City to seek an ex parte order to reinstate the prohibition of live entertainment.  Put differently, Adler is attempting to challenge the ex parte order in the Abatement Action.  He needed to do so in that action by writ or appeal.  In addition, Adler specifically agreed to the expedited procedure and now cannot modify that procedure through his petition.  (Cf. *Bernardi v. City Council* (1997) 54 Cal.App.4th 426, 440.)