NOT FOR PUBLICATION

FILED

OCT 25 2016

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

# UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No.   CC-15-1220-TaKuKi |
| CHRISTOPHER J. BOYCE, | Bk. No.   8:14-bk-11571-CB |
| Debtor. | Adv. No.  8:14-ap-01134-CB |
| CHRISTOPHER J. BOYCE, | |
| Appellant, | |
| v. | **MEMORANDUM**[*] |
| LISA HAMILTON, | |
| Appellee. | |

Argued and Submitted on September 22, 2016
at Pasadena, California

Filed – October 25, 2016

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Catherine E. Bauer, Bankruptcy Judge, Presiding

Appearances:     Fritz J. Firman argued for appellant;
Jonathan Alvanos argued for appellee.

Before:   TAYLOR, KURTZ, and KIRSCHER, Bankruptcy Judges.

---

[*]   This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8024-1(c)(2).

**INTRODUCTION**

Chapter 7[1] debtor Christopher J. Boyce appeals from an order granting summary judgment in favor of Lisa Hamilton and determining that a stipulated state court judgment against him was nondischargeable under § 523(a)(2)(A). We conclude the bankruptcy court erred when it relied on a subsequent, stay violative, state court order in applying issue preclusion to the stipulated judgment. As a result, we REVERSE and REMAND to the bankruptcy court for further proceedings consistent with this decision.

**FACTS**

The Debtor and Hamilton were married for 14 years. During their marriage, they entered into a joint venture agreement for the express purpose of trading currencies. By the terms of their agreement, Hamilton agreed to invest $3,125,000 into a corporation owned and controlled by the Debtor. Of that amount, some was eventually returned to Hamilton, and some was properly invested. The Debtor, however, made the unilateral decision to invest $727,538.69 in another one of his companies, BIN International, without Hamilton's knowledge or consent. This investment is the source of the underlying litigation that led to this appeal. The currencies trading venture involved participation in a Ponzi scheme.

Hamilton sued the Debtor in California state court; the

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532. All "Rule" references are to the Federal Rules of Bankruptcy Procedure and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

2

complaint alleged breach of contract, common counts, and fraud. The Debtor did not answer the complaint.

The parties eventually stipulated to entry of a judgment against the Debtor and his corporations, jointly and severally, in the amount of $730,038.69. The parties now dispute the circumstances culminating in the judgment.

After the Debtor filed for bankruptcy, Hamilton initiated an adversary proceeding against the Debtor, seeking to except the stipulated judgment from discharge under § 523(a)(2)(a), (a)(4), and (a)(6) and objecting to discharge under § 727(a)(4)(A). Hamilton subsequently moved for summary judgment on the § 523(a) claims based on the issue preclusive effect of the stipulated judgment.

The Debtor opposed. He argued that, because the judgment was a consensual judgment entered prior to trial, Hamilton's claims were not actually tried or necessarily decided by the state court as required for issue preclusion. He also argued that the stipulated judgment was subject to rescission and was not the result of voluntary consent based on Hamilton's "coercion, menace, and misrepresentation" in obtaining the judgment.

The Debtor alleged that Hamilton threatened him, both verbally and in writing, by stating that she would pursue the matter in criminal court and that he would go to jail if he did not cooperate in consenting to the judgment. He asserted that he was fearful of Hamilton's threats, given that the currency trading venture turned out to be a scam in which the principal was criminally convicted and sent to prison. He also claimed

3

that Hamilton's threats extended to custody and visitation rights related to their teenage daughter. According to the Debtor, Hamilton and her state court counsel misrepresented to him that the attorney also was representing him in that proceeding. Hamilton, however, contended that the Debtor initiated the discussion and was an active and willing participant in the process, even submitting extensive revisions to the proposed judgment.

Prior to Hamilton's filing of the motion for summary judgment, the Debtor went on the offensive and moved in the state court to rescind the stipulated judgment entered nearly two and half years before. He sought stay relief from the bankruptcy court to allow pursuit of his state court motion.

The bankruptcy court determined that the stay relief motion was unnecessary; it believed that, because the Debtor's motion was not tantamount to a collection action, stay relief was not required. The bankruptcy court indicated that to the extent there was any concern, it was willing to call the state court judge and advise that there was no issue with the stay. It then denied the Debtor's stay relief motion. Hamilton's counsel lodged an order denying the Debtor's motion for stay relief; the bankruptcy court, however, never entered the order.

The state court thereafter denied the Debtor's rescission motion. It found that the Debtor failed to explain why he did not seek to rescind or otherwise set aside the stipulated judgment for over two years and determined that he did so only upon discovery that he could not discharge the judgment in bankruptcy. The state court also determined that the legal

4

grounds for the Debtor's motion were faulty. Among other things, it found that Debtor's arguments regarding coercion lacked merit and that the Debtor's declaratory evidence failed to establish that he had a meritorious defense to Hamilton's allegations in the complaint.

Having deferred its decision on Hamilton's motion for summary judgment until the state court ruled, the bankruptcy court thereafter determined that the stipulated judgment was entitled to issue preclusive effect. It pointed out that the state court judgment was based on fraud and observed that the state court had rejected the Debtor's allegations of coercion and fraud in connection with the stipulated judgment.

Following the bankruptcy court's entry of an order granting summary judgment on the § 523(a) claims, the Debtor timely appealed.[2]

## JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(I). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Whether the bankruptcy court erred in granting summary judgment to Hamilton based on the issue preclusive effect of the

---

[2] Initially there was an issue relating to finality, given that Hamilton's adversary complaint also asserted a claim under § 727(a)(4)(A). Following an inquiry by the BAP Clerk of Court, the bankruptcy court issued an order containing a Civil Rule 54(b) certification. In response, the BAP issued an order resolving the question of finality for the purposes of this appeal.

5

stipulated judgment.

## STANDARDS OF REVIEW

We review de novo the bankruptcy court's decisions to grant summary judgment and to except a debt from discharge under § 523(a). See Ghomeshi v. Sabban (In re Sabban), 600 F.3d 1219, 1221-22 (9th Cir. 2010); Oney v. Weinberg (In re Weinberg), 410 B.R. 19, 28 (9th Cir. BAP 2009); see also Carrillo v. Su (In re Su), 290 F.3d 1140, 1142 (9th Cir. 2002) (nondischargeability presents mixed issues of law and fact and is reviewed de novo).

We also review de novo the bankruptcy court's determination that issue preclusion was available. Black v. Bonnie Springs Family Ltd. P'Ship (In re Black), 487 B.R. 202, 210 (9th Cir. BAP 2013). If issue preclusion was available, we then review the bankruptcy court's application of issue preclusion for an abuse of discretion. Id. A bankruptcy court abuses its discretion if it applies the wrong legal standard, misapplies the correct legal standard, or if its factual findings are illogical, implausible, or without support in inferences that may be drawn from the facts in the record. See TrafficSchool.com, Inc. v. Edriver Inc., 653 F.3d 820, 832 (9th Cir. 2011) (citing United States v. Hinkson, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc)).

///
///
///
///
///

**Summary judgment.** Summary judgment is appropriate where the movant shows that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (applicable in adversary proceedings under Rule 7056). The bankruptcy court must view the evidence in the light most favorable to the non-moving party when determining whether genuine disputes of material fact exist and whether the movant is entitled to judgment as a matter of law. See Fresno Motors, LLC v. Mercedes Benz USA, LLC, 771 F.3d 1119, 1125 (9th Cir. 2014). And, it must draw all justifiable inferences in favor of the non-moving party. See id. (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)).

**Issue preclusion in a nondischargeability proceeding**. The bankruptcy court may give issue preclusive effect to a state court judgment as the basis for excepting a debt from discharge. Harmon v. Kobrin (In re Harmon), 250 F.3d 1240, 1245 (9th Cir. 2001). We apply the forum state's law of issue preclusion when determining if issue preclusion is appropriate. Id.

The party asserting preclusion bears the burden of establishing the threshold requirements. In re Harmon, 250 F.3d at 1245. This means providing "a record sufficient to reveal the controlling facts and pinpoint the exact issues litigated in the prior action." Kelly v. Okoye (In re Kelly), 182 B.R. 255,

---

[3] While this appeal was pending, Hamilton moved in the bankruptcy court to augment the record on appeal pursuant to Rule 8009(e)(1). The bankruptcy court granted the motion.
Based on our review, we do not disagree with the bankruptcy court's assessment and, thus, do not disturb its decision.

258 (9th Cir. BAP 1995), aff'd, 100 F.3d 110 (9th Cir. 1996). Ultimately, "[a]ny reasonable doubt as to what was decided by a prior judgment should be resolved against allowing the [issue preclusive] effect." Id.

**California issue preclusion**. California permits application of issue preclusion to an existing judgment: (1) after final adjudication; (2) of an identical issue; (3) actually litigated in the former proceeding; (4) necessarily decided in the former proceeding; and (5) asserted against a party in the former proceeding or in privity with that party. See DKN Holdings LLC v. Faerber, 61 Cal. 4th 813, 825 (2015). In addition, the court must determine that issue preclusion "furthers the public policies underlying the doctrine." In re Harmon, 250 F.3d at 1245 (citing Lucido v. Super. Ct., 51 Cal. 3d 335, 342-42 (1990)); see also Khaligh v. Hadaegh (In re Khaligh), 338 B.R. 817, 824–25 (9th Cir. BAP 2006).

On appeal, the Debtor addresses only the third element, specifically and distinctly, and implicitly addresses the public policy element. Thus, we review only those two elements here.

**A California stipulated judgment may be subject to issue preclusive effect**. In California, a stipulated judgment is not excluded from an application of issue preclusion, "at least when the parties manifest an intent to be collaterally bound by its terms." Cal. State Auto. Ass'n Inter-Ins. Bureau v. Super. Ct., 50 Cal. 3d 658, 664 (1990). This is because, under appropriate circumstances, the stipulated judgment is considered akin to a judgment entered after a trial on the merits of the proceeding. See Needelman v. DeWolf Realty Co., 239 Cal. App. 4th 750, 759

8

(2015) (a stipulated judgment "is usually as conclusive a merger or bar as a judgment rendered after trial."); <u>Avery v. Avery</u>, 10 Cal. App. 3d 525, 529 (1970) ("The judgment of a court of competent jurisdiction entered upon a stipulation of the parties has the same effect as if the action had been tried on the merits."); <u>see also</u> <u>Villacres v. ABM Indus. Inc.</u>, 189 Cal. App. 4th 562, 596 (2010).

The parties need only "manifest an intent to be collaterally bound by" the terms of the stipulated judgment.[4] <u>Cal. State Auto. Ass'n Inter-Ins. Bureau</u>, 50 Cal. 3d at 664. To the extent that a party admits liability in a stipulated judgment, that party "can be collaterally estopped from relitigating liability" in a subsequent action. <u>Id.</u> By specifically stipulating on an issue of liability, the parties intend that "the ensuing judgment [will] collaterally estop further litigation on that issue. Were their intent otherwise, the parties easily could have expressly restricted the scope of the agreement." <u>Id.</u> at n.2.

For purposes of issue preclusion, the California Supreme Court has observed that there is a difference between stipulated judgments entered under California Code of Civil Procedure ("CCP") § 664.6 and compromise settlements entered under CCP § 998. <u>See</u> <u>Cal. State Auto. Ass'n Inter-Ins. Bureau</u>, 50 Cal. 3d at 664 & n.3. Entry of the former type of judgment

---

[4] Contrary to the Debtor's assertion, <u>Berr v. Fed. Deposit Ins. Corp. (In re Berr)</u>, 172 B.R. 299 (9th Cir. BAP 1994) has no bearing here. <u>Berr</u> involved federal preclusion law, not California's. As we apply California issue preclusion law, federal preclusion law bears no application in this matter.

9

is subject to the discretion of the trial court, and, thus, such a judgment is properly subject to issue preclusion. Id. at n.3. The trial court, however, "has no discretion to refuse to enter judgment in a properly accepted statutory offer to settle pursuant to section 998." Id. Therefore, applying issue preclusion to a CCP § 998 compromise is improper. See id.

In this case, the stipulated judgment expressly provided that it was enforceable pursuant to CCP § 664.6. As a result, the stipulated judgment was an appropriate basis for a potential application of issue preclusion; it satisfied the "actually litigated" requirement.

**The bankruptcy court's stay relief ruling is problematic**. The Debtor argues that the state court's denial of his motion to rescind the stipulated judgment violated the stay and, thus, that the state court's ruling against him was void. The record reflects that he moved for stay relief to litigate that motion in the state court,[5] which the bankruptcy court denied as unnecessary. Although that decision is not directly before us on appeal, there is no question that the bankruptcy court abused its discretion in denying the request for stay relief.

Section 362(a)(1) prohibits "the continuation . . . of a[n] action or proceeding against the debtor that was or could have been commenced before the commencement of the case . . . ." It

---

[5] While this appeal was pending, Hamilton also sought stay relief to pursue collection against the Debtor. The Debtor opposed the motion based on his pending appeal. The bankruptcy court denied Hamilton's motion on the record, but the basis for its decision is unknown because a transcript of the hearing is unavailable.

is well established that actions taken in violation of the stay are void. Schwartz v. United States (In re Schwartz), 954 F.2d 569, 571 (9th Cir. 1992).

Here, it was the Debtor who sought to rescind the stipulated judgment in state court during the pendency of the bankruptcy case. But, the underlying proceeding - Hamilton's state court action - was an action against the Debtor. As a result, for the purposes of § 362(a), the Debtor's motion was a continuation of Hamilton's action against him. See Parker v. Bain, 68 F.3d 1131, 1135-36 (9th Cir. 1991) (holding that, a debtor's appeal from a summary judgment entered against him and in favor of the plaintiff was stayed by § 362(a) because the underlying proceeding was originally brought against the debtor). Thus, stay relief was required to prosecute the motion to rescind in state court.

Even more problematic for the purposes of our review on appeal, the bankruptcy court never entered an order denying the motion for stay relief. Hamilton's counsel lodged the order following the hearing on motion; but, for whatever reason, the bankruptcy court never entered the order. This calls into question the finality of the bankruptcy court's ruling on stay relief, both at the time that the state court rendered its decision on the motion to rescind and for the purposes of this appeal.

Pursuant to Civil Rule 58,[6] it appears that the bankruptcy

---

[6] Civil Rule 58 is incorporated into bankruptcy proceedings by Rule 9021. See Advisory Committee Notes to 1987
(continued...)

11

court's ruling denying stay relief may be final.  See Fed. R. Civ. P. 58(c)(2)(B) (final judgment is deemed entered 150 days after the trial court issues or renders its decision); see also Noli v. C.I.R., 860 F.2d 1521, 1525 (9th Cir. 1988) (bankruptcy court's oral order granting stay relief was deemed a final judgment).  Here, the bankruptcy court denied the Debtor's stay relief motion on the record at the March 17, 2015 hearing. Thus, its decision likely became final on August 14, 2015.

That said, to the extent the bankruptcy court's stay relief ruling became final, finality came too late.  The record shows that the state court issued its ruling on the Debtor's motion to rescind on May 15, 2015 - prior to the time that the stay relief ruling likely became final under Civil Rule 58.  Had the stay

---

[6](...continued)
Amendment to Rule 9021; see also Noli v. C.I.R., 860 F.2d 1521, 1525 (9th Cir. 1988).

We acknowledge, however, that the Advisory Committee on Bankruptcy Rules has recently proposed a change to Rule 8002, "to have a provision similar to FRAP 4(a)(7), which addresses when a judgment or order is entered for purposes of [Civil] Rule 4(a)."  See Excerpt from the May 10, 2016 Report of the Advisory Committee on Bankruptcy Rules, Action Item 7, at p. 63. In its report, the Committee noted that Civil Rule 58 and its separate document requirement only applies to adversary proceedings and that Rule 9021 "applies to contested matters and does not require a separate document."  See id.  The proposed rule, thus, seeks to "clarify that the time for filing a notice of appeal under [Rule 8002](a) begins to run upon docket entry in contested matters and adversary proceedings for which [Civil] Rule 58 does not require a separate document"; conversely, "[i]n adversary proceedings for which [Civil] Rule 58 does require a separate document, the time commences when the judgment, order, or decree is entered in the civil docket and (1) it is set forth on a separate document, or (2) 150 days have run from the entry in the civil docket, whichever occurs first."  Id. at pp. 63-64.

12

relief ruling been final at the time of the state court's order, the bankruptcy court's ruling would likely constitute law of the case, and the parties would be bound by the decision. But that is not the case here; thus, that finality likely occurred at a later point in time is of no moment. As a result, the state court's order violated the stay and was void pursuant to Schwartz.

This becomes relevant to our review in this appeal because the bankruptcy court relied extensively on the state court's findings in the stay violative order when applying issue preclusion to the stipulated judgment - in particular, it relied on the stay violative order when assessing the Debtor's contentions that he was coerced into execution of the stipulated judgment. These allegations could have impact on the "actually litigated" element of issue preclusion as the Debtor most directly argues.[7] But as noted here they most directly relate to the public policy element of California issue preclusion.

To the extent a California consent judgment was obtained by inappropriate coercion, a court applying issue preclusion must determine whether reliance on such a judgment appropriately furthers the public policy underlying the issue preclusion

---

[7] As stated, in California, a stipulated judgment may form a proper basis for application of issue preclusion. See Cal. State Auto. Ass'n Inter-Ins. Bureau, 50 Cal. 3d at 664. Thus, that the state court judgment was obtained on the parties' stipulation did not mean automatically that the matter was not "actually litigated" for the purposes of issue preclusion.

13

doctrine.[8]  The bankruptcy court did not do this analysis.  It, instead, relied on the findings related to the stay violative rescission motion to find there was no coercion.  This was error.

Because the bankruptcy court improperly relied on a stay violative order in applying issue preclusion to the stipulated judgment, we reverse the bankruptcy court's grant of summary judgment in Hamilton's favor and remand for further proceedings consistent with this decision.  Perhaps these particular circumstances warrant a retroactive annulment of the stay; we cannot and do not say.  Instead, we leave it to the bankruptcy court to make appropriate determinations in light of our analysis.

**CONCLUSION**

Based on the foregoing, we REVERSE and REMAND.

---

[8]  This is also an appropriate consideration in our de novo review of whether issue preclusion is available in this case.

14